**ST. JOSEPH HOSPITAL,**
**Appellant–Petitioner,**

v.

**Richard CAIN, Appellee–Respondent.**

No. 02A05–1006–PL–386.

Court of Appeals of Indiana.

Nov. 24, 2010.

Rehearing Denied Jan. 14, 2011.

Roger K. Kanne, T. Graham Dycus, Zeigler Cohen & Koch, Indianapolis, IN, Attorneys for Appellant.

Gerald Foday, Dawn D. Cummings, Fort Wayne Metropolitan Human, Relations Commission, Fort Wayne, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

St. Joseph Hospital ("St. Joseph") appeals the trial court's grant of a motion to dismiss filed by the Fort Wayne Metropolitan Human Rights Commission ("HRC") and the trial court's decision not to rule on St. Joseph's motion to dismiss. We reverse and remand.

### Issues

St. Joseph raises two issues, which we reorder and restate as:

I.  whether the trial court had subject matter jurisdiction over St. Joseph's petition for judicial review; and

II. whether St. Joseph properly challenged the HRC's alleged lack of a quorum in a motion to dismiss.

### Facts

Richard Cain was employed by St. Joseph as a behavioral health assessment specialist until he was terminated on March 19, 2007. On April 2, 2007, Cain filed a charge with the HRC alleging that St. Joseph had discriminated against him based on his race. On March 25, 2009, the HRC conducted a hearing and, on July 31, 2009, an administrative law judge ("ALJ") issued a proposed order favorable to Cain. On January 25, 2010, the ALJ recommended a damages award in the amount of $31,469.

The HRC consists of seven commissioners. At the time of the February 8, 2010 HRC monthly meeting, however, one of the seven seats was vacant. Also, one of the commissioners was not present. Two of the five commissioners present at the meeting recused themselves based on conflicts of interest and did not vote on the ALJ's proposed order.[1] The three remaining commissioners voted to approve the ALJ's proposed order. On February 17, 2010, the commissioner who was not present at the February 8, 2010 meeting approved the ALJ's proposed order. St. Joseph received the HRC's final order on February 25, 2010.

On March 10, 2010, St. Joseph filed with the trial court an unverified petition for judicial review of the HRC's final order. On April 5, 2010, St. Joseph filed an amended petition containing a verification. On April 13, 2010, the HRC filed a motion to dismiss arguing that, because St. Joseph failed to timely file a verified petition, the trial court lacked subject matter jurisdiction. On April 21, 2010, St. Joseph filed a motion to amend its petition. On May 7, 2010, St. Joseph filed a motion to dismiss its petition without prejudice, arguing that the HRC's final order was invalid because

---

1. The ALJ who presided over the hearings was also an HRC commissioner. He was one

of the commissioners who did not vote at the February 8, 2010 meeting.

it lacked a quorum when it approved the ALJ's proposed order.

On June 1, 2010, after a hearing, the trial court granted the HRC's motion to dismiss for lack of subject matter jurisdiction. The trial court stated:

> This court acknowledges that the dismissal of a petition because [St. Joseph] failed to include one sentence in the Petition appears to be an overly severe sanction; especially considering that the amendment of the Petition to include the verification does nothing to add to the content of the information made available to the opposing party or the Court. However, given the precedent established, and the reluctance of this Court to disregard precedent, [HRC's] motion to Dismiss should be granted and dismissal under T.R. 12(b)(1) is appropriate.

Appellant's App. p. 186. In the alternative, the trial court concluded that, because at least four of the seven commissioners were present at the February 8, 2010 HRC meeting, the quorum requirements were satisfied. The trial court also noted that the fourth signature on the final order by the commissioner who was not present at the February 8, 2010 meeting did not render the final order invalid. St. Joseph now appeals.

## Analysis

### I. Subject Matter Jurisdiction

#### A. Standard of Review

■ St. Joseph contends that the trial court improperly granted the HRC's motion to dismiss for lack of subject matter jurisdiction. The facts related to the jurisdictional question are not disputed. Where the facts before the trial court are not in dispute, then the question of subject matter jurisdiction is purely one of law. *GKN Co. v. Magness,* 744 N.E.2d 397, 401

(Ind.2001). Under those circumstances, we owe no deference to the trial court's conclusion because we independently, and without the slightest deference to trial court determinations, evaluate those issues we deem to be questions of law. *Id.*

#### B. AOPA and K.S.

■ The HRC argues that the trial court properly concluded it did not have subject matter jurisdiction over St. Joseph's petition for judicial review because it was not verified. Pursuant to the Administrative Orders and Procedures Act ("AOPA"), a party who does not file a timely petition waives the right to judicial review. Ind.Code § 4–21.5–5–4. A petition is timely only if it is filed within thirty days after the date that notice of the agency action was served. I.C. § 4–21.5–5–5. Among other requirements, a petition for review must be verified. I.C. § 4–21.5–5–7. It is undisputed that St. Joseph's unverified petition was timely filed and that its amended petition and its motion to amend the petition to include a verification were not filed within thirty days of the service of the HRC's final order.

In support of its argument that the trial court lacked subject matter jurisdiction, the HRC relies on a line of cases requiring strict compliance with AOPA for the trial court to obtain jurisdiction. For example, in *Hoosier Environmental Council v. Department of Natural Resources,* 673 N.E.2d 811, 815 (Ind.Ct.App.1996), *trans. denied,* we held that although an unverified petition was timely filed, the motion to amend the petition was filed after the thirty-day period expired and "the trial court never obtained jurisdiction over the case." Although *Hoosier* clearly required timely compliance with the verification requirement, our supreme court has since discarded the concept of jurisdiction over the case.

In *K.S. v. State,* 849 N.E.2d 538, 540 (Ind.2006), our supreme court clarified:

Like the rest of the nation's courts, Indiana trial courts possess two kinds of "jurisdiction." Subject matter jurisdiction is the power to hear and determine cases of the general class to which any particular proceeding belongs. Personal jurisdiction requires that appropriate process be effected over the parties.

Where these two exist, a court's decision may be set aside for legal error only through direct appeal and not through collateral attack. Other phrases recently common to Indiana practice, like "jurisdiction over a particular case," confuse actual jurisdiction with legal error, and we will be better off ceasing such characterizations.

The *K.S.* court went on to explain, "Attorneys and judges alike frequently characterize a claim of procedural error as one of jurisdictional dimension." *K.S.,* 849 N.E.2d at 541. " 'The question of subject matter jurisdiction entails a determination of whether a court has jurisdiction over the general class of actions to which a particular case belongs.' " *Id.* at 542 (quoting *Troxel v. Troxel,* 737 N.E.2d 745, 749 (Ind.2000)). *"Real* jurisdictional problems would be, say, a juvenile delinquency adjudication entered in a small claims court, or a judgment rendered without any service of process. Thus, characterizing other sorts of procedural defects as 'jurisdictional' misapprehends the concepts." *Id.*

As this concept relates to the timely filing of a complaint in the Tax Court, our supreme court has held:

Because the timeliness of filing does not affect the subject matter jurisdiction of the Tax Court, any objection to the timeliness of filing is a procedural rather than jurisdictional error that can be waived if not raised at the appropriate time. Timely filing relates to neither the merits of the controversy nor the competence of the court to resolve it. *Packard v. Shoopman,* 852 N.E.2d 927, 931–32 (Ind.2006).[2]

There is no dispute that the trial court had jurisdiction over the general class of actions at issue here—petitions for judicial review of agency actions. The HRC argues, however, that *K.S.* involves a juvenile delinquency matter and not AOPA and that the legislature has not "gotten on board with this new trend" since *K.S.* was decided in 2006. Appellee's Br. p. 17.

First, the HRC offers no explanation as to why the analysis of jurisdictional concepts in *K.S.* applies with less force in an AOPA case than it does in a juvenile delinquency adjudication. Either a trial court has subject matter jurisdiction—the power to decide the general class to which any particular proceeding belongs—or it does not. *See K.S.,* 849 N.E.2d at 540. Second, although *K.S.* clarifies certain jurisdictional concepts, we do not believe it is a "new trend." *See, e.g., State ex rel. Young v. Noble Circuit Court,* 263 Ind. 353, 357–58, 332 N.E.2d 99, 102 (1975) (determining that trial court had subject matter jurisdiction over election recount petition based on the statutory jurisdictional grant, concluding that candidate's improperly captioned petition for recount was not subject to dismissal for lack of subject matter juris-

---

**2.** Shortly before our supreme court decided *K.S.* and *Packard,* it stated:

The timing of filing the agency record implicates neither the subject matter jurisdiction of the Tax Court nor personal jurisdiction over the parties. Rather, it is jurisdictional only in the sense that it is a statutory prerequisite to the docketing of an appeal in the Tax Court.

*Wayne County Property Tax Assessment Bd. of Appeals v. United Ancient Order of Druids–Grove No. 29,* 847 N.E.2d 924, 926 (Ind.2006).

diction, and overruling decisions to the contrary). Moreover, the legislature's inaction could even arguably be seen as acquiescence to our supreme court's analysis of subject matter jurisdiction. *See Fraley v. Minger*, 829 N.E.2d 476, 492 (Ind.2005) ("[I]t is well-established that a judicial interpretation of a statute, particularly by the Indiana Supreme Court, accompanied by substantial legislative inaction for a considerable time, may be understood to signify the General Assembly's acquiescence and agreement with the judicial interpretation."). Thus, the HRC has not convinced us that *K.S.* does not apply here.

Based on *K.S.*, we conclude that the failure to file a verified petition does not deprive a trial court of subject matter jurisdiction. Instead, the failure to file a verified petition is accurately described as a "procedural error." Thus, the trial court had subject matter jurisdiction over St. Joseph's petition regardless of the fact that it was unverified.

### C. Trial Rule 15 and AOPA

■ Having reached this conclusion, we must determine whether an unverified petition for judicial review may be amended and whether the amendment relates back to the date of the filing of the original petition pursuant to Trial Rule 15, which provides:

(A) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted, and the action has not been placed upon the trial calendar, he may so amend it at any time within thirty [30] days after it is served. *Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be given when justice so requires.* A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within twenty [20] days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

\* \* \* \* \* \*

(C) Relation back of amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, *the amendment relates back to the date of the original pleading....*

(Emphases added) (brackets in original).

■ Because of its conclusion that it lacked subject matter jurisdiction, the trial court specifically declined to rule on any other outstanding motions, including St. Joseph's motion to amend its petition. Indeed, when there is a lack of subject matter jurisdiction, a trial court is said to be without jurisdiction to do anything in the case except enter an order of dismissal. *See Albright v. Pyle*, 637 N.E.2d 1360, 1364 (Ind.Ct.App.1994). This rationale explains our holdings in similar cases decided before *K.S.* clarified the jurisdictional concepts.

For example, in *Hoosier*, we addressed, "whether a party is allowed to file an amended petition after the time has elapsed to 'relate back' to a petition which did not fully satisfy the statutory requirements but which was timely filed." *Hoosier*, 673 N.E.2d at 813. We concluded, "the trial court never obtained jurisdiction over the case." *Id.* at 815. We explained that although the unverified petition was timely filed, at the time Hoosier sought to amend its petition, the thirty day period had expired. *Id.* As such, Hoosier's amended petition could not "relate back" to the initial petition because without a

timely petition, there was nothing that an amended pleading could relate back to. *Id.* at 815–16. We concluded that the trial court properly granted the motion to dismiss and properly denied Hoosier's motion to amend. *Id.* at 816.

As we have already determined, however, *K.S.* explicitly rejected the concept of "jurisdiction over the case" and explained the difference between jurisdiction and procedural errors. Based on *K.S.*, we conclude that cases like *Hoosier* are no longer accurate assessments of a trial court's ability to rule on a motion to amend an unverified petition for judicial review.

We also find little guidance in the line of cases involving AOPA and the untimely transmission of an agency record. Indiana Code Section 4–21.5–5–13, controlling the transmission of an agency record, provides in part:

(a) Within thirty (30) days after the filing of the petition, or within further time allowed by the court or by other law, the petitioner shall transmit to the court the original or a certified copy of the agency record for judicial review of the agency action. . . .

(b) An extension of time in which to file the record shall be granted by the court for good cause shown. Inability to obtain the record from the responsible agency within the time permitted by this section is good cause. Failure to file the record within the time permitted by this subsection, including any extension period ordered by the court, is cause for dismissal of the petition for review by the court, on its own motion, or on petition of any party of record to the proceeding.

Recently, our supreme court addressed "whether AOPA requires a court to deny a petition for extension of time to file the record when the petition is filed after the time for filing the extension has expired."

*Indiana Family and Social Services Admin. v. Meyer,* 927 N.E.2d 367, 370 (Ind. 2010). Without addressing subject matter jurisdiction, our supreme court held, "the statute acknowledges possible difficulties in preparing and submitting the agency record, but places the burden on the petitioner to file or seek an extension within the statutory period or any extension." *Meyer,* 927 N.E.2d at 371. The *Meyer* court concluded that the trial court erred in granting a second extension after the first extension had expired. *Id.*

Like the timely transmission of an agency record, AOPA clearly requires that a petition for judicial review "must be verified." I.C. § 4–21.5–5–7. Nevertheless, Trial Rule 15 specifically allows for the amendment of a pleading and the relation back to the date of the original pleading. We are unaware of any similar Trial Rule that would permit the untimely transmission of an agency record. In that regard, the line of cases addressing the untimely transmission of an agency record, including *Meyer,* are distinguishable from the question before us today.

*Wayne County Property Tax Assessment Bd. of Appeals v. United Ancient Order of Druids–Grove No. 29,* 847 N.E.2d 924 (Ind.2006), is similarly distinguishable because it involved the untimely transmission of an agency record. It does, however, provide guidance in determining whether Trial Rule 15 permits the amendment of a petition for judicial review. In that case, our supreme court discussed the interplay between the Indiana Tax Court Rules and AOPA. *Druids,* 847 N.E.2d at 926. The court determined that, although rules of court may be law for many purposes, they do not fall within AOPA's definition of "law," which includes the federal or state constitution, any federal or state statute, a rule of an agency, or a federal regulation. *Id.* at 928 (quoting I.C. § 4–21.5–1–7).

Nevertheless, the *Druids* court observed, "[a]lthough we do not find the 'other law' provision to encompass court rules, we also do not believe that by its statutory definition of 'other law,' the General Assembly intended to preclude a court promulgated rule from providing time in addition to that afforded by AOPA." *Druids*, 847 N.E.2d at 928. Based on the discretionary language of Indiana Code Section 4–21.5–5–13 and the common purpose of Tax Court Rules and Indiana Code Section 4–21.5–5–13, the court concluded, "a court rule providing for time in addition to that permitted by AOPA is authorized by AOPA, and presents no conflict with the statute." *Id.*

Like the Tax Court Rule at issue in *Druids,* Trial Rule 15 does not actually conflict with the verification requirement in Indiana Code Section 4–21.5–5–7. We believe that, by the verification requirement, the General Assembly did not intend to preclude a court promulgated rule from allowing a petition to be amended and to relate back to the date of the filing of the original petition in accordance with Trial Rule 15.

This conclusion is consistent with our supreme court's decision in *State ex rel. Young v. Noble Circuit Court,* 263 Ind. 353, 357–58, 332 N.E.2d 99, 102 (1975), in which the court concluded that a candidate's petition for recount was improperly dismissed for lack of subject matter jurisdiction where the trial court clearly had a jurisdictional grant to entertain such petition. The *Young* court then addressed whether the improperly captioned petition was subject to dismissal on other grounds. *Young,* 263 Ind. at 358, 332 N.E.2d at 102. The court acknowledged the familiar principle that one who seeks the benefit of a statutory proceeding, in this case a recount petition, must comply with all procedural terms of the statute. *Id.* at 358, 332 N.E.2d at 102. "Failure to comply with such niceties will subject the complaint or equivalent pleading such as the petition herein to dismissal for failure to state a claim pursuant to TR. 12(B)(6)." [3] *Id,* 332 N.E.2d at 102. "When such dismissal is granted, the pleading may be amended once as of right pursuant to TR. 15(A) within ten days after service of notice of the court's order sustaining the motion." *Id.,* 332 N.E.2d at 102 (citing T.R. 12(B)). Our supreme court approved the relation back of an amended petition naming the proper defendant pursuant to Trial Rule 15(C). *Id.* at 359–60, 332 N.E.2d at 103.

We find *Young* highly instructive and conclude that the trial court had subject matter jurisdiction over St. Joseph's unverified petition and should consider St. Joseph's motion to amend on the merits. We reverse the trial court's dismissal for lack of subject matter jurisdiction and remand for it to consider St. Joseph's motion to amend.

### 2. *Quorum*

■ After the HRC moved to dismiss St. Joseph's petition for lack of subject matter jurisdiction and St. Joseph moved to amend its petition, St. Joseph filed a motion to dismiss its petition without prejudice. St. Joseph claimed that the HRC lacked a quorum at the February 8, 2010 meeting when it approved the ALJ's proposed order.[4] St. Joseph argues that the HRC's actions deprived St. Joseph of a fair hearing, rendering the final order illegal and void. *See Sullivan v. City of Evansville,* 728 N.E.2d 182, 188 (Ind.Ct.App.

---

**3.** The HRC's motion to dismiss was based on the lack of subject matter jurisdiction under Trial Rule 12(B)(1), not on the failure to state a claim under Trial Rule 12(B)(6).

**4.** St. Joseph was in the precarious position of arguing that its motion to dismiss should be granted and that the HRC's motion to dismiss should be denied.

2000) (observing that one requisite of a fair hearing is a legal quorum and that "[a]ny decision of an administrative board 'predicated upon a hearing devoid of the requisite requirements is illegal and void.'" (citation omitted)).

According to the pleadings and briefs, the following facts are generally agreed on by the parties.[5] Five of the seven HRC commissioners were at the February 8, 2010 meeting. Two of those five commissioners did not participate in the vote to approve the proposed order because of conflicts of interest, and the three remaining commissioners voted to approve the proposed order. One of the commissioners who was not present at the meeting signed the final order later.

Even if the HRC lacked the necessary quorum to approve the final order and its actions are considered invalid, many procedural obstacles associated with the presentation of this issue in this manner prevent us from resolving the quorum question on the merits. Aside from lack of record, a petition for judicial review must set forth specific facts demonstrating that the petitioner has been prejudiced by one or more of the grounds described in Indiana Code Section 4–21.5–5–14, including that an agency action is without observance of procedure required by law. *See* I.C. §§ 4–21.5–5–7(b)(6); 4–21.5–5–14(d)(4). Although the lack of a quorum clearly fits in this category, St. Joseph did not raise the issue in its petition for judicial review. Additionally, St. Joseph has not argued, let alone established, that it was prejudiced by the lack of a quorum. AOPA requires a person to have been prejudiced before a trial court may set aside an agency action. *See* I.C. § 4–21.5–5–15.

The quorum question comes to us prematurely in the form of St. Joseph's motion to dismiss. This question is not now appropriate for appellate review.

### Conclusion

Because the trial court had subject matter jurisdiction over St. Joseph's unverified petition for judicial review, it improperly granted the HRC's motion to dismiss and declined to rule on the other outstanding motions, namely St. Joseph's motion to amend. The alleged lack of a quorum, however, was not properly raised in St. Joseph's motion to dismiss. We reverse and remand for consideration of St. Joseph's motion to amend.

Reversed and remanded.

FRIEDLANDER, J., and CRONE, J., concur.

---

5. The facts supporting the quorum issue have not been established by either the agency record or a record created by the trial court. It does not appear that agency record was transmitted pursuant to Indiana Code Section 4–21.5–5–13. AOPA requires judicial review of the disputed issues of fact to be confined to the agency record. I.C. § 4–21.5–5–11. St. Joseph's motion to dismiss, however, is based on exhibits it attached to the motion, including two emails and a letter from the HRC's staff attorney, Dawn Cummings, sent after the February 8, 2010 meeting. It is not clear if the trial court received these documents as evidence in accordance with Indiana Code Section 4–21.5–5–12(a), which describes the limited circumstances in which a trial court may receive additional evidence. Also, St. Joseph's supplemental brief in support of its motion to dismiss references statements by Cummings at a May 18, 2010 trial court hearing on the pending motions to dismiss. Apparently, at the hearing, Cummings described which HRC commissioners were present and voted at the February 8, 2010 meeting. For purposes of this appeal, however, no transcript of this hearing was requested.