# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**LIBBY Y. GOODKNIGHT**
Krieg DeVault LLP
Indianapolis, Indiana

**BLAKE P. HOLLER**
Krieg DeVault LLP
Carmel, Indiana

ATTORNEYS FOR APPELLEES
JEFFREY R. BAUMGARTH AND
THE MYERS Y. COOPER COMPANY:

**BRIAN J. TUOHY**
**JOHN J. MOORE**
Doninger Tuohy & Bailey LLP
Indianapolis, Indiana

ATTORNEY FOR METROPOLITAN
BOARD OF ZONING APPEALS
DIVISION II OF MARION COUNTY
INDIANA:

**BETH A. GARRISON**
Indianapolis, Indiana

FILED
Apr 10 2014, 9:18 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| HRC HOTELS, LLC, | ) | |
| | ) | |
| Appellant/Petitioner | ) | |
| | ) | |
| vs. | ) | No. 49A04-1307-PL-313 |
| | ) | |
| METROPOLITAN BOARD OF | ) | |
| ZONING APPEALS DIVISION II OF | ) | |
| MARION COUNTY, INDIANA, | ) | |
| JEFFREY R. BAUMGARTH AND | ) | |
| THE MYERS Y. COOPER COMPANY, | ) | |
| | ) | |
| Appellees/Respondents. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Michael D. Keele, Judge
Cause No. 49D07-1212-PL-47644

April 10, 2014

**OPINION - FOR PUBLICATION**

**VAIDIK, Chief Judge**

## Case Summary

Myers Y. Cooper Corporation ("Myers Cooper") requested a variance for its property to build a pet day-care facility. At the hearing, I-465 LLC, the owner of an adjacent Hilton Homewood Suites Hotel, protested due to the noise that would be caused by pets staying so close to its hotel. After the Marion County Metropolitan Development Commission Board of Zoning Appeals ("BZA") granted the variance, HRC Hotels, LLC ("HRC Hotels"), the parent company of I-465 LLC, filed a petition for judicial review in the trial court. Myers Cooper responded, arguing that HRC Hotels lacked standing to file the petition for judicial review. After the deadline to file a review petition, HRC Hotels filed a motion to amend the petition for judicial review to substitute I-465 LLC as the real party in interest. The trial court dismissed HRC Hotels's petition concluding that HRC Hotels lacked standing to file a petition for judicial review and therefore the trial court lacked subject-matter jurisdiction to consider HRC Hotels's motion to substitute the real party in interest. HRC Hotels now appeals.

We conclude that the standing requirements under Indiana Code section 36-7-4-1603 are procedural rather than jurisdictional. Therefore, HRC Hotels's alleged lack of standing when the petition was filed does not deprive the trial court of subject-matter jurisdiction. Because the trial court does have subject-matter jurisdiction to consider HRC Hotels's motion to amend its petition for judicial review, it should substitute I-465 LLC as a real party in interest and hear the merits of the petition for judicial review. We reverse the trial court's decision and remand for further proceedings.

**Facts and Procedural History**

In September 2012 Myers Cooper filed a petition for a variance with the BZA for 4048 West 94th Street in Indianapolis ("the Property"). Appellant's App. p. 24. In its petition, it requested permission to establish "a domestic canine and feline boarding and day-care facility also providing grooming services with fenced outdoor exercise area for supervised daytime use, operating under the name PetSuites" on the Property. *Id.* The Property is located in a C-6 zone, which does not allow kennel or dog-boarding services to be established.

At the November 13, 2012 BZA meeting, Raymond Cooper presented Myers Cooper's petition.[1] I-465 LLC, which owns the Hilton Homewood Suites Hotel immediately to the west of the Property, appeared at the hearing to contest the variance petition. Specifically, I-465 LLC was concerned about the noise of the animals that would be staying adjacent to its hotel and believed that its hotel would be substantially and adversely affected if the BZA granted Myers Cooper's proposed variance. *Id.* at 73.

The BZA approved the variance at the November meeting on the condition that animals would be permitted in the outside play area only between 7:00 a.m. and 8:00 p.m. Only I-465 LLC and not its parent company—HRC Hotels—appeared or participated in the November BZA public hearing. *Id.* at 68-80. Moreover, HRC Hotels did not present any evidence opposing the variance before, during, or after the hearing. It also did not submit any written statement to the BZA contesting the variance. *Id.*

---

[1] The petition was originally presented by Cooper at the October BZA meeting. However, consideration of the petition was continued to the November BZA meeting because the BZA was undecided after hearing both parties at the October meeting. Appellant's App. p. 66.

3

HRC Hotels and not I-465 LLC filed a timely petition for judicial review of the BZA's grant of the variance under Indiana Code sections 36-7-4-1600 through 36-7-4-1616 (the "1600 Series"). *Id.* at 13. In turn, Myers Cooper filed a motion to dismiss the petition for judicial review, arguing that HRC Hotels lacked standing and that its petition failed to describe specific facts demonstrating that it is entitled to judicial review. *Id.* at 82.

In its response to Myers Cooper's motion to dismiss, HRC Hotels included an operating agreement, which shows that it is a parent company to I-465 LLC ("Exhibit 1").[2] *Id.* at 143. Exactly thirty days after Myers Cooper filed its motion to dismiss, HRC Hotels also filed a motion to amend its petition for judicial review and substitute HRC Hotels with I-465 LLC, the real party in interest, under Trial Rules 15 and 17(A)(2). The motion to amend its petition in order to substitute I-465 LLC as the real party in interest was filed more than thirty days after the BZA rendered its decision. Myers Cooper filed a response to HRC Hotels's motion to amend its verified petition for judicial review, arguing that HRC Hotels could not amend its petition because HRC Hotels did not have standing to file the petition and therefore failed to invoke the court's jurisdiction. It also argued that I-465 LLC waived its right to judicial review because it did not file a petition for judicial review within thirty days of the BZA's decision. *Id.* at 177. Myers Cooper also filed a motion to strike Exhibit 1 from HRC Hotels's response because it was not contained in the record of proceedings before the BZA and did not relate to the validity of the BZA's decision. *Id.* at 180.

---

[2] HRC Hotels and I-465 LLC are both foreign limited liability corporations registered to the same address in Michigan. Tr. p. 34-35; Appellant's App. p. 96.

The trial court held a hearing on these issues on April 9, 2013. At the hearing, Myers Cooper again argued that HRC Hotels did not have standing when it filed its petition for judicial review of the BZA's decision. Tr. p. 8. According to Myers Cooper, the lack of standing deprived the trial court of subject-matter jurisdiction. As to its motion to strike, Myers Cooper argued that I-465 LLC's operating agreement showing HRC Hotels is the parent company of I-465 LLC could not be considered because "review is limited to the [BZA] record on these disputed issues of fact." *Id.* at 22.

HRC Hotels responded, essentially arguing that the standing determination should be made when the court considers its motion to amend the pleadings and that it should be allowed to substitute I-465 LLC because "[a] validly passed trial rule trumps the statute and Trial Rule 17 says that you allow the real party in interest such as I[-]465 to come in." *Id.* at 29. Regarding the motion to strike, HRC Hotels argued that it should have the opportunity to submit evidence showing that it had equitable ownership of I-465 LLC and thus did have standing to appeal the BZA's decision. *Id.* at 24.

One week after the hearing, the trial court issued an order granting Myers Cooper's motion to dismiss and denying HRC Hotels's motion to amend its petition for judicial review. Appellant's App. p. 9. In its order, the court concluded that "[t]he statutory requirements of Ind. Code § 36-7-4-1601, *et seq.* are jurisdictional." *Id.* at 10. For this reason, it concluded that HRC Hotels's petition failed to invoke the trial court's jurisdiction to hear the matter. It also concluded that HRC Hotels's motion to amend "was filed more than thirty (30) days after the BZA's decision, and since HRC's original Petition failed to invoke this Court's jurisdiction, HRC's [motion to amend] should be denied." *Id.* Because

5

it did not have jurisdiction to hear the case, it concluded that Myers Cooper's motion to strike was moot. *Id.* HRC Hotels then filed a motion to correct errors, which was denied.

HRC Hotels now appeals.

**Discussion and Decision**

HRC Hotels contends that that the trial court improperly granted Myers Cooper's motion to dismiss for lack of subject-matter jurisdiction. Moreover, it argues that the trial court should have considered its motion to amend its petition under Indiana Trial Rules 15 and 17(A)(2). Subject-matter jurisdiction is a question of law when the facts related to the jurisdictional question are not in dispute. *Bellows v. Bd. of Comm's of Cnty. of Elkhart*, 926 N.E.2d 96, 111 (Ind. Ct. App. 2010) (citing *GKN Co. v. Magness*, 744 N.E.2d 397, 401 (Ind. 2001)). We afford no deference to the trial court because the appellate courts independently, without deference to the trial court, evaluate questions of law. *Id.*

In order for a party to be entitled to judicial review, it must have standing. *See* Ind. Code § 36-7-4-1603. In addition, a party must timely file a petition for judicial review within thirty days. Ind. Code § 36-7-4-1605. The petition must also be verified. Ind. Code § 36-7-4-1607. In this case, it is undisputed that HRC Hotels's petition was verified and timely filed. And it is also undisputed that HRC Hotels's motion to amend its petition for judicial review to substitute I-465 LLC as the real party in interest was not filed within thirty days of the BZA's decision.

Our Supreme Court has explained that there are only two types of jurisdiction in Indiana: subject matter and personal. *K.S. v. State*, 849 N.E.2d 538, 540 (Ind. 2006). As explained by the Supreme Court, "[s]ubject matter jurisdiction is the power to hear and

6

determine cases of the general class to which any particular proceeding belongs." *Id.* Where subject-matter jurisdiction exists, "a court's decision may be set aside for legal error only through direct appeal and not through collateral attack." *Id.* *K.S.* continued by explaining that "[a]ttorneys and judges alike frequently characterize a claim of procedural error as one of jurisdictional dimension." *Id.* at 541. Instead, "[t]he question of subject matter jurisdiction entails a determination of whether a court has jurisdiction over a general class of actions to which a particular case belongs." *Id.* at 542 (internal quotation omitted). This is contrasted with, "*[r]eal* jurisdictional problems [which] would be, say, a juvenile delinquency adjudication entered in a small claims court, or a judgment rendered without any service of process. Thus, characterizing other sorts of procedural defects as 'jurisdictional' misapprehends the concept." *Id.*

With respect to subject-matter jurisdiction and timely filings, our Supreme Court has stated:

> We conclude that timely filing of a complaint in the Tax Court is "jurisdictional" only in the sense that it is a statutory prerequisite to the docketing of an appeal in the Tax Court and that any challenge to timeliness of filing should be raised by motion under Rules 12(B)(1) and 12(B)(6). Because the timeliness of filing does not affect the subject matter jurisdiction of the Tax Court, any objection to the timeliness of filing is a procedural rather than jurisdictional error that can be waived if not raised at the appropriate time. Timely filing relates to neither the merits of the controversy nor the competence of the court to resolve it.

*Packard v. Shoopman*, 852 N.E.2d 927, 931-32 (Ind. 2006).

Relying on these cases, this Court concluded in the administrative appeal of *St. Joseph Hospital v. Cain*, 937 N.E.2d 903 (Ind. Ct. App. 2010), *reh'g denied*, *trans. vacated*, that the failure to file a timely verified petition is "procedural error." In that case, we

7

concluded that the trial court had subject-matter jurisdiction despite the fact that the timely filed petition was unverified. *Id.* at 907.[3]

Here, the fact that HRC Hotels lacks standing because it did not appear before the BZA is not a "real jurisdictional problem." We understand real jurisdictional problems to be when the trial court renders a decision in a case that it has not been granted the power to decide. For example, a real jurisdictional problem occurs when a small-claims court rules on a delinquency case. *K.S.*, 849 N.E.2d at 542. In this case, the trial court was the correct court to rule on the verified petition for judicial review. *See* Ind. Code § 33-28-1-2 ("All circuit courts have original and concurrent jurisdiction in all civil cases and in all criminal cases"). This fact, alone, is sufficient to establish that the trial court had subject-matter jurisdiction to consider HRC Hotels's petition. Although HRC Hotels may have lacked standing when it filed its petition, the lack of standing at the time the petition is filed is a procedural error. It does not deprive the court of jurisdiction to hear the petition for judicial review. The trial court had subject-matter jurisdiction over HRC Hotels's petition independent of whether HRC Hotels may have lacked standing when it filed its petition. *See also Howard v. Allen Cnty. Bd. of Zoning Appeals*, 991 N.E.2d 128, 131 (Ind. Ct. App. 2013) (concluding that the untimely filing of a board record did not deprive the trial court of subject-matter jurisdiction before determining whether the 1600 series required dismissal of a petition where no materials supporting judicial review are timely filed).

---

[3] Although *St. Joseph Hospital* contrasted jurisdictional rules with non-jurisdictional rules in the context of the Administrative Orders and Procedures Act (AOPA), it is well established that we may rely on AOPA case law in interpreting the 1600 Series. *See Howard v. Allen Cnty. Bd. of Zoning Appeals*, 991 N.E.2d 128, 130 (Ind. Ct. App. 2013).

Because we have determined that the trial court had subject-matter jurisdiction to consider HRC Hotels's motion to amend its petition for judicial review, we must determine whether I-465 LLC can be substituted as the real party in interest after the filing deadline without suffering dismissal.

Indiana Trial Rule 17(A)(2) requires every action to be prosecuted in the name of the real party in interest. Specifically, the rule states that:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time after objection has been allowed for the real party in interest to ratify the action, or to be joined or substituted in the action. Such ratification, joinder, or substitution *shall have the same effect as if the action had been commenced initially in the name of the real party in interest*.

Ind. Trial Rule 17(A)(2) (emphasis added). Our Supreme Court has explained that a real party in interest "is the person who is the true owner of the right sought to be enforced." *Sadler v. Auto-Owners Ins. Co.*, 904 N.E.2d 665, 670 (Ind. Ct. App. 2009) (quoting *Hammes v. Brumley*, 659 N.E.2d 1021, 1030 (Ind. 1995), *reh'g denied*) (internal quotation marks omitted), *trans denied*. Additionally, once an opposing party objects, the rule permits a reasonable amount of time for the real party in interest to be substituted into the lawsuit. In *Hammes*, we allowed a real party in interest to be substituted sixty-four days after the defendant objected and moved for summary judgment. *See Hammes v. Brumley*, 633 N.E.2d 266, 267 (Ind. Ct. App. 1994), *adopted on transfer*, 659 N.E.2d 1021 (Ind. 1995).

Here, I-465 LLC, as the owner of the hotel adjacent to the Property, is a true owner of the right sought to be enforced. Moreover, HRC Hotels filed its motion to amend its petition and substitute I-465 LLC as the real party in interest exactly thirty days after Myers

9

Cooper filed its motion to dismiss for lack of standing. *See* Appellant's App. p. 82, 94. Because this Court allowed a substitution under Trial Rule 17(A)(2) sixty-four days after the defendant objected, we find a substitution after thirty days to be reasonable.

In its brief, Myers Coopers argues that HRC Hotels may not use Trial Rule 17 to amend its petition for judicial review after the thirty-day time period expired. Although there is no case law discussing the potential conflict between Trial Rule 17(A)(2) and the requirements for judicial review under the zoning statute, in *St. Joseph Hospital*, an administrative proceeding, we explained the interaction between Trial Rule 15 and the requirements to file a petition for judicial review, concluding:

> Trial Rule 15 does not actually conflict with the verification requirement in Indiana Code Section 4-21.5-7. We believe that, by the verification requirement, the General Assembly did not intend to preclude a court promulgated rule from allowing a petition to be amended and to relate back to the date of the filing of the original petition in accordance with Trial Rule 15.

937 N.E.2d at 909. In making this determination, we relied upon the Supreme Court's observation that "a court rule providing for time in addition to that permitted by AOPA is authorized by AOPA, and presents no conflict with the statute." *Wayne Cnty. Prop. Tax Assessment Bd. of Appeals v. United Ancient Order of Druids-Grove No. 29*, 847 N.E.2d 924, 928 (Ind. 2006). We see no reason why the same principle does not apply to standing.

This decision is consistent with the policy reasons behind Trial Rule 17(A)(2) that no harm is caused to the defendant by substitution of the plaintiff. The defendant is put on notice of claims against it at the initial filing and it is "not a situation where an individual is brought into a lawsuit at the last minute and expected to defend on the merits." *Benke v. Barbour*, 450 N.E.2d 556, 559 (Ind. Ct. App. 1983). If HRC Hotels is permitted to amend

10

its petition to replace I-465 LLC as the real party in interest, Myers Cooper would not be prejudiced as the amended petition still involves the same defendant and the same claim.

Myers Cooper cites *Howard v. Allen County Board of Zoning Appeals*, 991 N.E.2d at 131, for the proposition that Trial Rule 15 and the relation-back doctrine do not allow a petitioner to amend its petition after it has been filed. However, we find *Howard* distinguishable. In *Howard*, the petitioner filed a petition for judicial review but did not file a board record within thirty days of the filing of a petition as required by Indiana Code section 36-7-4-1613. The respondent then filed a motion to dismiss because the board record was not filed. In order to cure its untimely filing of the board record, the petitioner filed the same petition for judicial review, but attached the board record. The petitioner claimed that the petition, and thus the record, related back to the initial filing under Trial Rule 15. We did not allow the relation back of the board record. This case is different because HRC Hotels did timely file its petition for judicial review and board record. And unlike *Howard*, in this case, there is no statute in the 1600 Series that limits when a real party in interest may be substituted. Furthermore, Trial Rule 15 allows relation back of *pleadings* and not *records* and thus was inapplicable to the *Howard* case.

Finally, Myers Cooper quotes *Cocoran v. State*, which stated that, "[a]fter a filing deadline has elapsed, a party is not permitted to amend a petition to cure its procedural defects" to support its position. 845 N.E.2d 1019, 1022 (Ind. 2006). Myers Cooper's reliance on this case is misplaced for two reasons. First, in *Cocoran*, the court treated the petitioner's new filing as an original filing. *Id.* In other words, in *Cocoran*, there was no original petition to which the new filing could relate back. Second, *Cocoran* involved a

11

petition for post-conviction relief. The rules of a petition for post-conviction relief are not analogous to zoning cases because they are governed by a materially different set of rules than the rules governing the zoning statute. *See* Ind. Post-Conviction Rule 1.

We conclude that the trial court erred in its determination that it lacked subject-matter jurisdiction over HRC Hotels's petition for judicial review. Because we conclude the trial court had subject-matter jurisdiction, it should allow I-465 LLC, a real party in interest, to be substituted as the plaintiff and hear the merits of the petition for judicial review.[4]

Reversed and remanded.

RILEY, J., and MAY, J., concur.

---

[4] Because we decide the case as we do, we need not decide whether HRC Hotels was a real party in interest because of its ownership interest in I-465 LLC.