FILED

Dec 29 2016, 8:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANT

Samuel M. Adams
Paul A. Logan
John H. Haskin & Associates
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Kyle Hunter
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Andrew Hunter,

*Appellant-Petitioner,*

v.

State of Indiana, Department of
Transportation,

*Appellee-Respondent*

December 29, 2016

Court of Appeals Case No.
49A02-1604-PL-978

Appeal from the Marion Superior
Court

The Honorable John F. Hanley,
Judge

Trial Court Cause No.
49D11-1509-PL-30861

**Crone, Judge.**

## Case Summary

[1] Andrew Hunter was terminated from his employment with the Indiana

Department of Transportation ("INDOT"). His administrative appeals were

unsuccessful, and he filed a petition for judicial review. INDOT filed a motion to dismiss the petition as untimely, which the trial court granted.

[2] On appeal, Hunter contends that the trial court erred in granting INDOT's motion to dismiss, claiming that the petition was timely filed. In the alternative, he argues that the untimely filing of a petition is a procedural error, not a jurisdictional error; that INDOT failed to preserve the timeliness issue by not raising it as an affirmative defense; and that, in any event, he should be allowed to demonstrate good cause to excuse the untimely filing. We conclude that the petition was untimely filed; that the error is procedural, not jurisdictional; that the trial court could consider the timeliness issue even if INDOT failed to preserve it; and that because Hunter's petition was untimely filed, he has waived his right to judicial review and is not entitled to demonstrate good cause to excuse the untimely filing. Therefore, we affirm.

## Facts and Procedural History

[3] The relevant facts are undisputed. INDOT terminated Hunter's employment in November 2013. Hunter unsuccessfully challenged his termination through the administrative appeals process under the Administrative Orders and Procedures Act, Indiana Code Article 4-21.5 ("AOPA"). Ultimately, on August 13, 2015, the State Employees' Appeal Commission ("SEAC") issued and served on the parties by mail a final order affirming the administrative law judge's ruling in favor of INDOT.

On September 16, 2015, Hunter filed a petition for judicial review of SEAC's order. INDOT filed a response to Hunter's petition and subsequently filed a motion to dismiss for failure to state a claim under Indiana Trial Rule 12(B)(6), in which it argued for the first time that Hunter's petition was untimely filed. After a hearing, the trial court granted INDOT's motion to dismiss. Hunter filed a motion to correct error, which the trial court denied. This appeal ensued.

## Discussion and Decision

Hunter argues that the trial court erred in granting INDOT's motion to dismiss. "The standard of review on appeal of a trial court's grant of a motion to dismiss for the failure to state a claim is de novo and requires no deference to the trial court's decision." *Bellows v. Bd. of Comm'rs*, 926 N.E.2d 96, 110 (Ind. Ct. App. 2010). "The grant or denial of a motion to dismiss turns only on the legal sufficiency of the claim and does not require determinations of fact." *Id.*

## Section 1 – Hunter's petition for judicial review was untimely filed.

Hunter first argues that his petition was timely filed. Indiana Code Section 4-21.5-5-5 states, "Except as otherwise provided, a petition for review is timely only if it is filed within thirty (30) days after the date that notice of the agency action that is the subject of the petition for judicial review was served." Indiana Code Section 4-21.5-3-2 governs time computation under AOPA and reads in relevant part as follows:

(a) In computing any period of time under this article, the day of the act, event, or default from which the designated period of time begins to run is not included. The last day of the computed period is to be included unless it is:

(1) a Saturday;

(2) a Sunday;

(3) a legal holiday under a state statute; or

(4) a day that the office in which the act is to be done is closed during regular business hours.

(b) A period runs until the end of the next day after a day described in subsection (a)(1) through (a)(4)….

(c) A period of time under this article that commences when a person is served with a paper, including the period in which a person may petition for judicial review, commences with respect to a particular person on the earlier of the date that:

(1) the person is personally served with the notice; or

(2) a notice for the person is deposited in the United States mail.

….

(e) If a notice is served through the United States mail, three (3) days must be added to a period that commences upon service of that notice.

[7] Whether Hunter's petition was timely filed is a matter of statutory interpretation, which we review de novo. *K.T.P. ex rel. A.S.P. v. Atchison*, 848 N.E.2d 280, 283 (Ind. Ct. App. 2006). "A statute which is clear and unambiguous must be read to mean what it plainly expresses, and its plain and obvious meaning will not be enlarged or restricted." *Id*. We find Indiana Code Section 4-21.5-3-2 to be clear and unambiguous. Because notice of SEAC's final order was served through the United States mail on August 13, three days must be added to the thirty-day period for filing a petition for judicial review that commenced upon service of that notice, which results in a period of thirty-

three days. Ind. Code § 4-21.5-3-2(e). Pursuant to the clear statutory language, that period began to run on August 14, and the last day of that period was Tuesday, September 15. Hunter filed his petition on September 16, and therefore it was untimely.

## Section 2 – The untimely filing of a petition for judicial review is a procedural error, not a jurisdictional error.

[8] We must now consider whether the untimely filing of a petition for judicial review under AOPA is a procedural error, as Hunter claims, which could be waived if not raised at the appropriate time, or a jurisdictional error, as INDOT claims, which would deprive the trial court of authority to rule on Hunter's petition. Based on a decade of precedent that has clarified the differences between the two, we find the error to be procedural.

[9] In *K.S. v. State*, 849 N.E.2d 538 (Ind. 2006), our supreme court explained that "Indiana trial courts possess two kinds of 'jurisdiction.' Subject matter jurisdiction is the power to hear and determine cases of the general class to which any particular proceeding belongs. Personal jurisdiction requires that appropriate process be effected over the parties." *Id*. at 540. "Attorneys and judges alike frequently characterize a claim of procedural error as one of jurisdictional dimension." *Id*. at 541. "*Real* jurisdictional problems would be, say, a juvenile delinquency adjudication entered in a small claims court, or a judgment rendered without any service of process. Thus, characterizing other sorts of procedural defects as 'jurisdictional' misapprehends the concepts." *Id*. at 542.

[10] In this case, "[t]here is no dispute that the trial court had jurisdiction over the general class of actions at issue here—petitions for judicial review of agency actions." *St. Joseph Hosp. v. Cain*, 937 N.E.2d 903, 906 (Ind. Ct. App. 2010), *trans. vacated*. Also, there is no dispute that appropriate process was effected over the parties. Moreover, the pertinent statute, Indiana Code Section 4-21.5-5-4, is written in terms of waiver and not subject matter jurisdiction.[1] *See* Ind. Code § 4-21.5-5-4(b) (providing that a person who fails to timely petition for judicial review "has waived the person's right to judicial review under this chapter."). In *Cain*, we held that the petitioner's failure to file a verified petition for judicial review, as required by AOPA,[2] was "accurately described as a 'procedural error'" and not an error that deprived the trial court of subject

---

[1] In *Packard v. Shoopman*, 852 N.E.2d 927 (Ind. 2006), our supreme court held that the untimely filing of a petition for review in the Indiana Tax Court was a procedural error, even though the relevant statute provided, "'If a taxpayer fails to comply with any statutory requirement for the initiation of an original tax appeal, the tax court does not have jurisdiction to hear the appeal.'" *Id*. at 929 (quoting Ind. Code § 33-26-6-2 (2004)). The *Packard* court explained,

> The statutory provision for timely filing in the Tax Court found in Indiana Code section 33-26-6-2 predates our decision in *K.S.* and was enacted at a time when Indiana courts commonly used the phrase "jurisdiction over the particular case" to refer to various procedural prerequisites to the exercise of subject matter jurisdiction. We conclude that when section 33-26-6-2 was passed, the General Assembly used "jurisdiction" to refer to the now abolished "jurisdiction over the particular case," i.e. procedural prerequisites that can be waived or procedurally defaulted if not timely raised.

*Id*. at 930. To the extent INDOT suggests that our supreme court has unconstitutionally circumvented the legislature's limitations on trial court jurisdiction via *K.S.*, *Packard*, and subsequent cases, *see* Appellee's Br. at 19-20, we note that the legislature has not amended any statutes in response to those cases or otherwise indicated any disagreement with our supreme court on this issue.

[2] *See* Ind. Code § 4-21.5-5-7(b) (stating that "[a] petition for review must be verified"). The petition in *Cain* was unverified but timely filed, and we held that a verification could be added by amendment, which would relate back to the date of the filing of the original petition. 937 N.E.2d at 909. The appellee in *Cain* did not argue that a party waives its right to judicial review under Indiana Code Section 4-21.5-5-4(b) by filing a timely but unverified petition.

matter jurisdiction. 937 N.E.2d at 907. Based on the foregoing precedent, we conclude that a petitioner's failure to timely file a petition for judicial review is also a procedural error and not a jurisdictional error. *Cf. In re Adoption of O.R.*, 16 N.E.3d 965, 971 (Ind. 2014) ("The untimely filing of a Notice of Appeal is not a jurisdictional defect depriving the appellate courts of the ability to entertain an appeal."); *Packard v. Shoopman*, 852 N.E.2d 927, 931-32 (Ind. 2006) ("Because the timeliness of filing does not affect the subject matter jurisdiction of the Tax Court, any objection to the timeliness of filing is a procedural rather than jurisdictional error that can be waived if not raised at the appropriate time.") (citing *K.S.*, 849 N.E.2d at 542).[3]

## Section 3 – Assuming that INDOT failed to preserve the timeliness issue by not raising it as an affirmative defense, the trial court nevertheless could have considered the issue and found that Hunter waived his right to judicial review.

[11] Hunter asserts that untimeliness is an affirmative defense that INDOT was required to plead in its response to his petition pursuant to Indiana Trial Rule 8(C) and therefore INDOT failed to preserve the issue. *See* Ind. Trial Rule 8(C) ("A responsive pleading shall set forth affirmatively and carry the burden of

---

[3] The cases that INDOT relies on in asserting that the timeliness of a petition for judicial review is jurisdictional predate our supreme court's opinions in *K.S.* and *Packard* by a decade or more, and therefore we do not find them persuasive. *See* Appellee's Br. at 16 (citing *Bowman v. Ind. State Bd. of Nursing*, 663 N.E.2d 1217 (Ind. Ct. App. 1996), and *State v. Van Ulzen*, 456 N.E.2d 459 (Ind. Ct. App. 1983), *trans. denied*). Nor are we persuaded by INDOT's attempt to distinguish *K.S.* and *Packard* based on the "specialized jurisdiction" of the juvenile and tax courts in those cases. *Id*. at 17. The *Packard* court "acknowledge[d] that statutory 'jurisdictional' requirements in other statutes may require a different result" than the one reached in that case, 852 N.E.2d at 931, but Indiana Code Section 4-21.5-5-4(b) does not require a different result here.

proving: … statute of limitations … and any other matter constituting an avoidance, matter of abatement, or affirmative defense. A party required to affirmatively plead any matters, including matters formerly required to be pleaded affirmatively by reply, shall have the burden of proving such matters."); *Packard*, 852 N.E.2d at 932 ("We think that a challenge to the timeliness of the filing of the petition for review in the Tax Court is analogous to the statute of limitations and is in the nature of a 'matter constituting an avoidance, matter of abatement or affirmative defense.'"). Assuming for argument's sake that Hunter is correct,[4] the trial court nevertheless could have considered the issue and found that he waived his right to judicial review pursuant to Indiana Code Section 4-21.5-5-4(b). *See Bunch v. State*, 778 N.E.2d 1285, 1289 (Ind. 2002) ("[A]lthough a party who has failed to plead or prove a Rule 8(C) affirmative defense has no right to prevail on that basis, the party may nevertheless suggest to the court that procedural default of an issue is an appropriate basis to affirm the judgment below.").

## Section 4 – Hunter is not entitled to demonstrate good cause to excuse the untimely filing of his petition.

[12]     Finally, Hunter argues that because the untimely filing of a petition for judicial review under AOPA is not a jurisdictional error, the trial court should give him

---

[4] INDOT notes that neither AOPA nor the Trial Rules require that a response be filed to a petition for judicial review; that it "expressly reserved" its rights and defenses in its response to Hunter's petition pending the filing of the agency record; and that it filed its motion to dismiss two days after the record was filed with the trial court. Appellee's Br. at 25 (quoting Appellant's App. at 29).

an "opportunity to demonstrate good cause to excuse the untimely filing." Appellant's Br. at 21. Hunter's argument is premised on our supreme court's opinion in *O.R.*, 16 N.E.3d 965.[5] In that case, a child's biological father contested a petition for adoption, which was granted, and this Court dismissed the father's appeal based on lack of subject matter jurisdiction because the notice of appeal had been untimely filed. Our supreme court granted transfer and revisited the long line of precedent holding that "a party's failure to file timely the necessary papers deprived the appellate courts of jurisdiction to entertain the appeal" in light of its relatively recent clarification of jurisdictional concepts in *K.S.* and subsequent cases. *Id.* at 969. The court noted that Indiana Appellate Rule 9(A), which gives a party thirty days to file a notice of appeal after the entry of a final judgment, "does not mention jurisdiction at all." *Id.* at 970; *see* Ind. Appellate Rule 9(A)(5) ("Unless the Notice of Appeal is timely filed, the right to appeal shall be forfeited except as provided by [Postconviction Rule] 2."). The court further noted that "[f]orfeiture and jurisdiction are not the same" and went on to say,

> In essence a party loses his or her right to appeal for failing to file timely a Notice of Appeal. The Rule is clear that under such circumstance "the right to appeal shall be forfeited." App. R. 9(A)(5). But a party's forfeiture—or loss of this right—does not also mean the appellate courts somehow lose their authority to hear and determine the general class of cases to which a party's case belongs or over the party attempting to assert its right of

---

[5] Hunter did not cite *O.R.* in his response to INDOT's motion to dismiss or in his motion to correct error, but INDOT does not assert that he is precluded from doing so on appeal.

> appeal. Stated somewhat differently, although a party forfeits its right to appeal based on an untimely filing of the Notice of Appeal, this untimely filing is not a jurisdictional defect depriving the appellate courts of authority to entertain the appeal. Rather, the right to appeal having been forfeited, the question is whether there are extraordinarily compelling reasons why this forfeited right should be restored.

*O.R.*, 16 N.E.3d at 970, 971.

[13] The court gave three reasons for finding that the appellant's forfeited right to appeal should be restored. The court first noted that the rules of appellate procedure "exist to facilitate the orderly presentation and disposition of appeals" and "are merely means for achieving the ultimate end of orderly and speedy justice." *Id*. at 971, 972. That policy had been incorporated into Appellate Rule 1, which permits the appellate court to deviate from the rules upon a party's or the court's own motion; "[t]hus, despite the 'shall be forfeited' language of Rule 9(A), the Rules themselves provide a mechanism allowing this Court to resurrect an otherwise forfeited appeal." *Id*. at 972. Next, the court noted that the appellant sought appointment of appellate counsel four days before the notice of appeal was due, counsel was appointed long after the deadline, and the motions panel of this Court accepted counsel's amended notice of appeal. Finally, "and perhaps most important," the court acknowledged the fundamental liberty interests at stake in the appellant's attempt to maintain his status as the legal father of his child. *Id*. The court remarked, "It is this unique confluence of a fundamental liberty interest along with 'one of the most valued relationships in our culture' that has often

influenced this Court as well as our Court of Appeals to decide cases on their merits rather than dismissing them on procedural grounds," and concluded that the appellant's "otherwise forfeited appeal deserves a determination on the merits." *Id*.

[14] In this case, Indiana Code Section 4-21.5-5-4(b) provides that a person who fails to timely file a petition for judicial review "has waived the person's right to judicial review under this chapter." Waiver has been defined as "[t]he voluntary relinquishment or abandonment — express or implied — of a legal right or advantage; FORFEITURE"). BLACK'S LAW DICTIONARY (10th ed. 2014). Like Appellate Rule 9(A), Indiana Code Section 4-21.5-5-4(b) does not mention jurisdiction at all. But we find it significant that AOPA "establishes the exclusive means for judicial review of an agency action," Ind. Code § 4-21.5-5-1, and it does not include a provision similar to Appellate Rule 1 that permits deviation from AOPA's procedural rules. In fact, Indiana Code Section 4-21.5-2-2 provides, "Except to the extent precluded by a law, a person may waive any right conferred upon that person by this article. This section does not permit the waiver of any procedural duty imposed by this article." Thus, there is no mechanism allowing the trial court to resurrect a waived right to judicial review.[6] Therefore, we do not find *O.R.* persuasive. Consequently, we hold that Hunter is not entitled to demonstrate that he has good cause to

---

[6] INDOT points out that Indiana Code Section 4-21.5-5-13(b) allows a petitioner to request an extension of time in which to file the agency record with the trial court and that Indiana Code Section 4-21.5-5-4 does not contain a similar provision for a petition for judicial review.

excuse the untimely filing of his petition.[7] We affirm the trial court's grant of INDOT's motion to dismiss Hunter's untimely petition for judicial review.

Affirmed.

Riley, J., and Altice, J., concur.

---

[7] Nevertheless, we note that, unlike the appellant in *O.R.*, Hunter has been represented by the same attorney throughout the administrative and judicial proceedings. We further note that Hunter has not asserted that fundamental liberty interests are at stake here.