## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 28 2019, 10:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Terry M. Farmer
Hyden, Kentucky

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Terry M. Farmer,

*Appellant-Petitioner,*

v.

Indiana Real Estate Appraiser Licensure and Certification Board,

*Appellee-Respondent.*

February 28, 2019

Court of Appeals Case No. 18A-PL-2540

Appeal from the Marion Circuit Court

The Honorable Sheryl Lynch, Judge

Trial Court Cause No. 49C01-1803-PL-12024

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Petitioner, Terry Farmer (Farmer), appeals the trial court's dismissal of his petition for judicial review.

We reverse and remand.

# ISSUE

Farmer presents at least eleven issues on appeal, only one of which we find to be dispositive and which we restate as follows: Whether the trial court erred when it dismissed his petition for judicial review.

# FACTS AND PROCEDURAL HISTORY

On May 8, 2016, Farmer applied to the Indiana Real Estate Appraiser Licensure and Certification Board (the Board) for the renewal of his Indiana appraiser's license. On September 20, 2016, the Board sent Farmer a letter informing him that the Board had denied his license renewal request and describing his appeal options and procedures. On October 13, 2016, Farmer filed an appeal with the Board. On November 23, 2016, the Board denied that appeal. On December 8, 2016, Farmer filed a motion requesting that the Board reconsider its denial of his appeal.

On March 24, 2017, the Board filed its Hearing Notice setting a hearing for April 6, 2017, on Farmer's petition for reconsideration. The Board also notified Farmer that it would preside as administrative law judge (ALJ) at the hearing.

On March 29, 2017, Farmer filed a motion with the Board seeking a new ALJ. On May 11, 2017, the Board denied Farmer's motion for a new ALJ.[1] On June 19, 2017, and on October 19, 2017, Farmer filed renewed motions for a new ALJ, which were not responded to or ruled upon by the Board.

[6] On March 27, 2018, Farmer filed a petition in the Marion County Circuit Court seeking judicial review based on his allegation that the Board had failed to respond to his June 19, 2017, and October 19, 2017, renewed motions for a new ALJ. Farmer requested that "a full hearing/trial be scheduled with a possible jury present." (Appellant's App. Vol. II, p. 20). In the alternative, Farmer requested that the trial court assign an independent ALJ to his case or order the Board to assign an independent ALJ to his case.

[7] On April 25, 2018, the Board filed its Motion to Dismiss based on Indiana Trial Rule 12(B)(6), alleging that Farmer had failed to state a claim upon which relief could be granted because he lacked standing, having not received a final order from the Board on his motion for a new ALJ and having failed to exhaust his administrative remedies. The Board also alleged that Farmer's petition was subject to dismissal because he had failed to file a verified petition as required by statute.

---

[1] A copy of the Board's May 11, 2017, order is not part of the record on appeal.

[8] On September 25, 2018, the trial court held a hearing on the Board's Motion to Dismiss.[2] On October 3, 2018, the trial court issued its Order dismissing Farmer's petition for judicial review based on its finding that Farmer lacked standing because he had not yet received a final order on his motion for a new ALJ and had not exhausted his administrative remedies.

[9] Farmer now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

## I. *Standard of Review*

[10] Farmer appeals following the trial court's dismissal of his judicial review petition pursuant to Indiana Trial Rule 12(B)(6) for failure to state a claim upon which relief could be granted. A Rule 12(B)(6) motion tests the legal sufficiency of a complaint and requires that we accept as true all facts as alleged in the complaint. *Esserman v. Ind. Dep't of Envtl. Mgmt.*, 84 N.E.3d 1185, 1188 (Ind. 2017). We review a trial court's ruling on a motion to dismiss for failure to state a claim *de novo*. *Id*.

## II. *Dismissal*

[11] On appeal, Farmer appears to take contradictory positions as to whether the Board's May 11, 2017, order denying his motion for a new ALJ was a final order, and he develops no argument pertaining to the trial court's conclusion

---

[2] Farmer did not request a transcript of this hearing in his Notice of Appeal.

that he had not exhausted his administrative remedies. For its part, the Board reverses course and concedes on appeal that its May 11, 2017, order denying Farmer's petition for a new ALJ was a final order that was subject to judicial review. The Board argues that Farmer's petition was, nevertheless, properly dismissed by the trial court because it was not timely. In light of the Board's concession on appeal, we will consider whether Farmer's petition for judicial review was subject to dismissal because it was untimely filed.

[12] Pursuant to the Administrative Orders and Procedures Act (AOPA), judicial review of an agency action is initiated by filing for review in the appropriate court. I.C. § 4-21.5-5-2. "[A] petition for review is timely only if it is filed within thirty (30) days after the date that notice of the agency action that is the subject of the petition for judicial review was served." I.C. § 4-21.5-5-5. Furthermore, a litigant who fails to file a timely petition for judicial review waives his right to appeal. I.C. § 4-21.5-5-4(b)(1). Thus, Farmer had thirty days after he was served with notice of the Board's May 11, 2017, order to file his petition for judicial review. *Id.* Farmer did not file his petition for judicial review in the trial court until March 27, 2017, and so his petition was untimely.

[13] However, in *K.S. v. State*, 849 N.E.2d 538, 541-42 (Ind. 2006), our supreme court held that certain procedural errors formerly characterized as jurisdictional do not deprive a trial court of its subject matter jurisdiction. K.S., a juvenile facing a probation revocation, challenged the juvenile court's original delinquency adjudication. *Id.* at 541. K.S. alleged that the trial court had failed to approve the filing of the delinquency petition in writing, as required by

statute, and that because of this error, the juvenile court never obtained subject matter jurisdiction over her case. *Id*. Our supreme court held that because the juvenile court had jurisdiction over the general class of actions to which K.S.'s case belonged, there was no question that the juvenile court had jurisdiction over her case. *Id*. at 542. The supreme court noted that "K.S.'s claim of procedural error is untimely. Despite the alleged error occurring in the original delinquency proceedings for battery, K.S. did not object during these proceedings." *Id*.

[14] In light of *K.S.*, this court has concluded that the failure of a litigant to file a timely petition for judicial review is a procedural error, not a jurisdictional one. *Hunter v. Ind. Dep't of Transp.*, 67 N.E.3d 1085, 1089 (Ind. Ct. App. 2016), *trans. denied*. Because the issue of the timeliness of the filing of a petition for judicial review is a procedural one, it can be waived if not raised at the appropriate time. *Id*. (citing *In re Adoption of O.R.*, 16 N.E.3d 965, 971 (Ind. 2014)); *K.S.*, 829 N.E.2d at 542. The Board did not object to the timeliness of Farmer's petition for judicial review in the trial court proceedings, and so we conclude that it has waived that claim.

[15] The Board also argues on appeal that Farmer's petition for judicial review was subject to dismissal because it was unverified. AOPA requires that a petition for judicial review be verified. I.C. § 4-21.5-5-7. Farmer's petition for judicial review was not verified. (Appellant's App. Vol. II, pp. 14-22). However, the Board does not provide us with any post-*K.S.* authority holding that a petition for judicial review may be dismissed for lack of verification, and Farmer's

failure to verify his petition was not the basis for the trial court's dismissal of his petition for judicial review. We decline to consider the issue. Because the Board has conceded that its May 11, 2017, order denying Farmer's petition for a new ALJ was a final order subject to judicial review and it waived any claim that Farmer's petition for review was untimely, we conclude that the trial court erred when it dismissed Farmer's petition for judicial review.

## CONCLUSION

Based on the foregoing, we conclude that the trial court erred when it dismissed Farmer's petition seeking judicial review of the Board's denial of his petition for a new ALJ.

Reversed and remanded for further proceedings consistent with this opinion.

Robb, J. concurs

Kirsch, J. dissents without separate opinion