ATTORNEYS FOR APPELLANT
Steve Carter
Attorney General of Indiana

John D. Snethen
DEPUTY ATTORNEY GENERAL

Andrew W. Swain
Special Counsel, Tax Section
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Larry J. Stroble
Randal J. Kaltenmark
Indianapolis, Indiana

ATTORNEYS FOR AMICUS CURIAE
MEADOWBROOK NORTH APARTMENTS
Jon Laramore
Brent A. Auberry
Vickie L. Norman
Indianapolis, Indiana

In the
Indiana Supreme Court

No. 49S10-0509-TA-414

DIXIE PACKARD, CLAY TOWNSHIP
ASSESSOR,

Appellant (Respondent below),

v.

PAUL SHOOPMAN,

Appellee (Petitioner below).

Appeal from the Indiana Tax Court, No. 49T10-0209-TA-113
The Honorable Thomas G. Fisher, Judge

On Petition for Review

**August 23, 2006**

**Boehm, Justice.**

We hold that objection based on a petitioner's alleged failure to comply with the statutory requirement that petition to the Tax Court be filed within thirty days after the agency determination is waived if not raised in the first response to the petition.

**Facts and Procedural History**

In 1997 Paul Shoopman appealed the 1995 assessment of his real property in Hamilton County to the State Board of Tax Commissioners (State Board). The State Board held a hearing on March 11, 1998 but did not issue a final determination. Effective January 1, 2002, all pending property tax appeals were transferred to the Indiana Board of Tax Review (IBTR), which assumed jurisdiction over Shoopman's appeal. On August 7, 2002, IBTR issued a final determination denying Shoopman's appeal. On September 23, 2002, Shoopman petitioned to the Tax Court to review IBTR's determination. On January 27, 2003, the Attorney General of Indiana successfully moved to dismiss the Hamilton County Assessor and the Hamilton County Property Tax Assessment Board of Appeals, leaving only the Clay Township Assessor as a named defendant. Two years later the Assessor moved to dismiss Shoopman's appeal on the ground that Shoopman had failed to file a timely petition for judicial review. The Tax Court held that the Assessor had waived the objection to timeliness, and on the merits reversed IBTR's determination denying Shoopman's appeal. Shoopman v. Clay Twp. Assessor, 827 N.E.2d 662, 665, 667 (Ind. Tax Ct. 2005). We granted review. Packard v. Shoopman, 841 N.E.2d 183 (Ind. 2005).

**Consequence of Failure to File a Timely Petition for Review in the Tax Court**

The deadline for filing a petition for judicial review in the Tax Court is governed by statute. Indiana Code section 33-26-6-2 (2004) provides that "If a taxpayer fails to comply with any statutory requirement for the initiation of an original tax appeal, the tax court does not have jurisdiction to hear the appeal."[1] One "statutory requirement" is that the petitioner file a petition for review by the Tax Court within a deadline established by statute. Under the current statutes, IBTR is required to hold a hearing on the petitioner's appeal and issue a final administrative determination within 90 days of the hearing or within the time provided in an order extending time. Ind. Code. 6-1.1-15-4(i) (West Supp. 2006). If IBTR fails to make a final determination within that time, the petitioner may do nothing and wait for a final determination by IBTR or may petition for judicial review in the Tax Court. I.C. § 6-1.1-15-4(k). However, if IBTR makes a final determination within the period prescribed by statute, the petitioner has 45 days from the receipt

---

[1] For purposes of this opinion, current section 33-26-6-2(a) is the substantially the same as the statute governing Shoopman' s 1997 appeal. See P.L. 291-1985 § 1; P.L. 98-2004 § 5.

of notice of the determination to file a petition in the Tax Court. I.C. § 6-1.1-15-5(c)(1). [2]

While Shoopman's proceeding was pending before the Board and later before the IBTR (1997-2002), the General Assembly passed multiple amendments to the statutes governing the deadline for filing a complaint in the Tax Court. The parties dispute which statute, and therefore which filing deadline, applied to Shoopman's complaint. The Tax Court did not decide this issue. Instead, the Tax Court construed the Assessor's timeliness challenge as a claim that the Tax Court lacked "jurisdiction over the particular case" and held the Assessor waived her objection by failing to raise it at the earliest opportunity. The Assessor appeals the Tax Court's finding of waiver but does not challenge the Tax Court's decision on the merits of Shoopman's property tax appeal. The Assessor argues that failure to file a timely petition for judicial review deprives the Tax Court of subject matter jurisdiction, that challenges to subject matter jurisdiction may be raised at any time, and therefore that the Tax Court erred in requiring the Assessor to raise the challenge at the earliest opportunity.

The Assessor cites Indiana Code section 33-26-6-2: "If a taxpayer fails to comply with any statutory requirement for the initiation of an original tax appeal, the tax court does not have jurisdiction." The Assessor contends that this statute establishes that the failure to file a timely petition deprives the Tax Court of subject matter jurisdiction, and this shortcoming therefore cannot be waived or procedurally defaulted by the parties. The Tax Court concluded that a party may waive an objection to timeliness because timeliness implicates "jurisdiction over the particular case." We recently observed that "jurisdiction over the particular case" is something of a misnomer and refers to failure to meet procedural requirements but does not constitute a limitation on subject matter jurisdiction in the sense that the court cannot hear cases of the same general class. In K.S. v. State, 849 N.E.2d 538, 540 (Ind. 2006) we explained:

> Indiana trial courts possess two kinds of "jurisdiction." Subject matter jurisdiction is the power to hear and determine cases of the general class to which any particular proceeding belongs. Personal jurisdiction requires that appropriate

---

[2] At the time of Shoopman's 1998 hearing, there was no requirement that the State Board of Tax Commissioners, the predecessor to IBTR, issue a final determination within any particular time following a hearing. See I.C. § 6-1.1-15-4 (1998). However, statutes in effect at that time required the petitioner to file a complaint in the Tax Court within 45 days of receiving notice of the State Board's final determination, whenever that occurred. See I.C. § 6-1.1-15-5(d)(1) (1998). The 1998 law specifically provided that the failure of the State Board to hold a hearing within the maximum time allowable did not constitute notice of a final determination. See I.C. § 6-1.1-15-5(e) (1998).

process be effected over the parties. . . . Other phrases recently common to Indiana practice, like "jurisdiction over a particular case," confuse actual jurisdiction with legal error . . ."

We further held that these procedural errors are waived if not raised at the appropriate time. See K.S., 849 N.E.2d at 542.

In view of the somewhat flexible use of the term "jurisdiction" in Indiana jurisprudence prior to K.S., we think our view that timely filing can be waived is consistent with the Tax Court statutes. We recognize that cases from this Court and the Court of Appeals from time to time have described timely filing requirements as implicating the "jurisdiction" of the court. Earlier descriptions referred to it as "jurisdiction over the parties and the particular case." Compare Ballman v. Duffecy, 230 Ind. 220, 229, 102 N.E.2d 646, 650 (Ind. 1952) ("This court has heretofore said that a court in acquiring jurisdiction must not only have jurisdiction of the parties and the general subject of the controversy respecting real property, but must have jurisdiction of the subject matter of the particular case. A failure to comply with the statute is jurisdictional, and therefore the trial court did not have jurisdiction of the parties or the particular case.") (internal citations omitted) and Payne v. Buchanan, 238 Ind. 231, 245, 148 N.E.2d 537, 543 (1958) (citing Ballman) with White v. Bd. of Med. Registration & Examination, 235 Ind. 572, 577, 134 N.E.2d 556, 560 (1956) (filing requirements implicate "the subject matter of the particular appeal") and Ind. Dep't of Highways v. Dixon, 541 N.E.2d 877, 879 (Ind. 1989) ("In an action for judicial review of an administrative determination, statutory compliance is a condition precedent to subject matter jurisdiction in the trial court.").

Despite the varied language used to describe the timely filing requirement, this Court has never addressed the question whether an objection to the timeliness of filing a petition for judicial review in the Tax Court can be waived by rule or procedurally defaulted by parties. The statutory provision for timely filing in the Tax Court found in Indiana Code section 33-26-6-2 predates our decision in K.S and was enacted at a time when Indiana courts commonly used the phrase "jurisdiction over the particular case" to refer to various procedural prerequisites to the exercise of subject matter jurisdiction. We conclude that when section 33-26-6-2 was passed, the General Assembly used "jurisdiction" to refer to the now abolished "jurisdiction over the particular case," i.e. procedural prerequisites that can be waived or procedurally defaulted if not

4

timely raised. As we held in <u>Wayne County Property Tax Assessment Board of Appeals v. Druids</u>, 847 N.E.2d 924, 926 (Ind. 2006), a petitioner's failure to file the administrative record in the Tax Court within the time required does not deprive the Tax Court of subject matter jurisdiction over the petitioner's appeal. We explained:

> The timing of filing the agency record implicates neither the subject matter jurisdiction of the Tax Court nor personal jurisdiction over the parties. Rather, it is jurisdictional only in the sense that it is a statutory prerequisite to the docketing of an appeal in the Tax Court. That issue is properly raised by means of a motion under Rule 12(B)(1) for lack of jurisdiction or 12(B)(6) for failure to state a claim, depending on whether the claimed defect is apparent on the face of the petition.

<u>Druids</u>, 847 N.E.2d at 926. The same applies to the filing of a petition for review of an IBTR determination.

We also acknowledge that statutory "jurisdictional" requirements in other statutes may require a different result, but conclude that this turns on the nature of the court and the particular statutory language. Section 33-26-6-2 is similar in language to the rules and statutes governing the Supreme Court of the United States' jurisdiction on writ of certiorari. These provisions provide that a petition for writ of certiorari is timely if filed within 90 days of entry of final judgment by a lower court and further provide that the Court will not accept any petition that is "jurisdictionally out of time." <u>See</u> Sup. Ct. R. 13(1, 2); 28 U.S.C. § 2101(c) (2000). The Court has held that deadlines for filing a petition set by the Court are not prerequisites to the Court's jurisdiction, but times for filing that are established by Congress are prerequisites to the Court's jurisdiction. <u>See</u> 23 <u>Moore's Federal Practice</u> § 513.03 (2006) (citing Supreme Court cases). The Court has explained the different treatment of Court and Congressionally imposed deadlines on the ground that the Court cannot "waive" congressional enactments and therefore these enactments are jurisdictional. <u>Id.</u> (citing <u>Schacht v. United States</u>, 398 U.S. 58, 65 (1970) (Harlan, J., concurring, "In the absence of language providing for waiver, we have without exception treated the statutory limitations as jurisdictional"); <u>Dep't of Banking v. Pink</u>, 317 U.S. 264, 266 (1942) (filing time limitation imposed by statute)). This doctrine derives from the nature of the federal courts, whose authority is established by Article III, Section 2, Clause 2 of the Constitution of the United States. That constitutional provision confers "appellate jurisdiction" on the Supreme Court of the United States "with such Exceptions, and under such Regulations as the

5

Congress shall make."  Given that constitutional constraint, a statutory limitation on "jurisdiction" is binding on the Court and precludes judicial action, including any doctrine of waiver or procedural default, from permitting the Court to proceed to hear a case.  The constitutional footing of Indiana state courts is not so limited.  Pursuant to Article VII, Section 1 of the Indiana Constitution the judicial power of the State of Indiana is vested in "one Supreme Court, one Court of Appeals, Circuit Courts, and such other courts as the General Assembly may establish."  Pursuant to Article VII, Sections 4 and 6, appellate jurisdiction is established by rules, not by statute, and the judiciary, not the legislature, is the source of the rules governing appellate jurisdiction.  Accordingly, we do not agree with the Assessor's contention that the "statutory requirement" of timely filing in the Tax Court is jurisdictional in the sense that it cannot be defaulted by the parties or waived or altered by rule.

We conclude that timely filing of a complaint in the Tax Court is "jurisdictional" only in the sense that it is a statutory prerequisite to the docketing of an appeal in the Tax Court and that any challenge to timeliness of filing should be raised by motion under Rules 12(B)(1) and 12(B)(6).  Because the timeliness of filing does not affect the subject matter jurisdiction of the Tax Court, any objection to the timeliness of filing is a procedural rather than jurisdictional error that can be waived if not raised at the appropriate time.  See K.S., 849 N.E.2d at 542.  Timely filing relates to neither the merits of the controversy nor the competence of the court to resolve it.  Permitting a party to raise such a claim after years of litigation is wasteful of judicial resources and expensive for the parties.  In the worst case it provides an incentive to gaming the litigation process by waiting to see which way the wind is blowing before playing a trump card.

The Tax Court relied on pre-K.S. authority which held that objections to "jurisdiction over the particular case" must be raised at the "earliest opportunity" to conclude that an objection to timeliness must be raised at the earliest opportunity or else it is waived.  This conclusion is consistent with the holding of K.S.  It is also consistent with the Tax Court's Rules.  Tax Court Rule 1 provides that "except to the extent these [Tax Court] [R]ules are clearly inconsistent with the Indiana Rules of Trial Procedure ("Trial Rules"), those Trial Rules shall apply to actions in the Tax Court."[3]  Tax Court Rule 5 provides that a State agency has thirty days to respond to a

---

[3] Tax Court Rule 1 also provides that nothing in the Tax Court or Trial Rules extends the "jurisdiction" of the Tax Court beyond that provided by statute.  We think this provision uses "jurisdiction" as subject mat-

petition filed in the Tax Court. Indiana Trial Rule 8(C) requires parties to plead some affirmative defenses, including the statute of limitations, or forfeit them. <u>See</u> Ind. Trial Rule 8(C); <u>Bunch v. State</u>, 778 N.E.2d 1285, 1287 (Ind. 2002). We think that a challenge to the timeliness of the filing of the petition for review in the Tax Court is analogous to the statute of limitations and is in the nature of a "matter constituting an avoidance, matter of abatement or affirmative defense." Accordingly, Trial Rule 8(C), as applied to Tax Court proceedings by Tax Court Rule 1, requires parties to plead challenges to timeliness in their Tax Court Rule 5 responses or risk waiver. The Assessor's first response to Shoopman's complaint was a December 2003 motion to dismiss certain respondents named in the complaint. The Assessor raised the objection to timeliness of the complaint for the first time in its Response Brief filed in February 2005. Although the objection was raised in the Assessor's response, the response was untimely under Tax Court Rule 5 because it was filed more than 30 days after Shoopman filed his complaint. We therefore conclude that the Assessor has waived any objection to timeliness of filing.

**Conclusion**

The judgment of the Tax Court is affirmed.

Shepard, C.J., and Dickson, Sullivan, and Rucker, JJ., concur.

---

ter jurisdiction, preventing the rules from conferring jurisdiction over matters outside the tax realm reserved to the Tax Court.