Roger L. SHOOT and Pamela K. Shoot, Petitioners,

v.

ANDERSON TOWNSHIP ASSESSOR, Madison County Assessor, and The Indiana Board of Tax Review, Respondents.

No. 49T10–0608–TA–73.

Tax Court of Indiana.

June 11, 2007.

Roger L. Shoot, Pamela K. Shoot, Anderson, IN, Petitioners Appearing pro se.

Steve Carter, Attorney General of Indiana, Matthew R. Nicholson, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondents.

FISHER, J.

On June 7, 2006, the Indiana Board of Tax Review (Indiana Board) issued a final determination that dismissed 45 property assessment appeals, relating to the 2002 tax year, filed by Roger L. Shoot and Pamela K. Shoot (the Shoots). The Shoots now appeal.

## FACTS AND PROCEDURAL HISTORY

Sometime in 2003, the Shoots challenged the 2002 assessments on approximately 70 different parcels of property in Madison County, Indiana. On either March 29 or March 30, 2004, the Madison County Property Tax Assessment Board of Appeals (PTABOA) mailed final determinations to the Shoots denying each of their appeals.

In early May 2004, the Shoots appealed 45 of the assessments to the Indiana Board. On June 7, 2006, the Indiana Board issued a final determination dismissing the appeals on the basis that they were not timely filed pursuant to Indiana law.

On August 2, 2006, the Shoots filed an appeal with this Court. The Court heard the parties' oral arguments on May 25, 2007. Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

■ This Court gives great deference to final determinations of the Indiana Board when it acts within the scope of its authority. *Wittenberg Lutheran Vill. Endowment Corp. v. Lake County Prop. Tax Assessment Bd. of Appeals,* 782 N.E.2d 483, 486 (Ind. Tax Ct.2003), *review denied.* Consequently, the Court will reverse a final determination of the Indiana Board only if it is:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) contrary to constitutional right, power, privilege, or immunity;

(3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory jurisdiction, authority, or limitations;

(4) without observance of procedure required by law; or

(5) unsupported by substantial or reliable evidence.

*See* IND.CODE ANN. § 33–26–6–6(e)(1)–(5) (West 2007).

## DISCUSSION AND ANALYSIS

■ The issue before the Court is whether the Shoots' appeals to the Indiana Board were timely filed. The Indiana Board asserts that its dismissal of the Shoots' appeals was proper, as they were not timely filed. More specifically, the Indiana Board explains that the Shoots were required to file their appeals with the Madison County Assessor no later than Monday, May 3, 2004 (regardless whether the PTABOA mailed its final determinations to the Shoots on March 29 or March 30, 2004). (Resp't Br. at 4–5 (*citing* IND. CODE ANN. § 6–1.1–15–3(c) (West 2004) (amended 2005); 52 IND. ADMIN. CODE 2–3–1 (2004)).)[1] The Indiana Board states that the Shoots did not file their appeals until Thursday, May 6, 2004.

■ Indeed, the administrative record in this case reveals that each of the Shoots' 45 appeal petitions has two file stamps: the first stamp is at the top of each peti-

1. Indiana Code § 6–1.1–15–3(c) provides that "[i]n order to obtain a review by the Indiana Board ... the [taxpayer] must file a petition for review with the appropriate county assessor within [30] days after the notice of the [PTABOA] action is given to the taxpayer." IND.CODE ANN. § 6–1.1–15–3(c) (West 2004) (amended 2005). Because the Shoots received notice of the PTABOA's final determi-

nations through the mail, another three days was added to the thirty-day period. *See* 52 IND. ADMIN. CODE 2–3–1(e) (2004). Consequently, the Shoots' appeal petitions were due on either May 1 or May 2, 2004. Because these days fell on a Saturday and a Sunday, respectively, the Shoots had until the next business day, Monday, May 3, to file their appeals. *See id.* at (b).

tion and states "Rec'd May 6—2004"; the second stamp is on the lower half of each petition and states "Received May 28, 2004 Indiana Board of Tax Review[.]"[2] (*See, e.g.,* Cert Admin. R. at 2 (footnote added).) Because the appeal petitions were to be filed with the Madison County Assessor, who was then required to transmit them to the Indiana Board, the Indiana Board did not act arbitrarily, capriciously, or abuse its discretion when it determined that the file stamp "Rec'd May 6—2004" was prima facie evidence that the forms were filed with the Madison County Assessor on May 6, 2004. *See* 52 I.A.C. 2–3–1(d) (stating that "[t]he date-received stamp affixed by the proper county official . . . to an appeal petition . . . filed by personal delivery or private courier will constitute prima facie proof of the date of filing").[3]

The Shoots contend, however, that they hand-delivered the appeal forms to the Madison County Assessor's office on May 3. (Pet'r Br. at 3–4; Oral Argument Tr. at 9.) They admit, however, that they do not have a receipt acknowledging that date. (Pet'r Br. at 3–4; Oral Argument Tr. at 9.) At any rate, the Shoots claim that because they have no idea who stamped "May 6" on their appeal petitions or why ("[i]t's not a stamp that anyone has witnessed"), the Indiana Board improperly relied on it. (*See* Oral Argument Tr. at 30–31.) The Court disagrees.

■ As the party seeking to overturn the Indiana Board's final determination, the Shoots bore the burden to rebut the May 6 date by presenting probative evidence demonstrating that they timely filed their appeals by May 3, 2004. *See Osolo Twp. Assessor v. Elkhart Maple Lane Assocs., L.P.,* 789 N.E.2d 109, 111 (Ind. Tax Ct.2003). Probative evidence, however, is something more than merely stating "we filed the appeals on May 3." *See Whitley Prods., Inc. v. State Bd. of Tax Comm'rs,*

2. Indiana Tax Court Rule 3(E) provides that [i]n original tax appeals [from final determinations of the Indiana Board], the petitioner shall request the Indiana Board [ ] to prepare a certified copy of the agency record within thirty (30) days after filing the petition. . . . The petitioner *shall* transmit a certified copy of the record to the Tax Court within thirty (30) days after having received notification from the Indiana Board [ ] that the record has been prepared.

Ind. Tax Court Rule 3(E) (emphasis added). Here, the Shoots requested the Indiana Board to prepare the agency record when they initiated their original tax appeal on August 2, 2006. On August 22, 2006, the Indiana Board notified the Shoots that the record was prepared. As of May 25, 2007 (the date the Court conducted oral argument on the matter), the Shoots still had not filed the record; they did, however, present the record to the Court at that time. When asked why they had not filed the record, Mr. Shoot replied that he believed the record was irrelevant to the issue of timely filing. (*See* Oral Argument Tr. at 6– 7.) To that end, Mr. Shoot has asked for a refund of the $105.70 he paid to the Indiana

Board for the "unnecessary" record. (*See* Oral Argument Tr. at 15–16.)

Mr. Shoot's belief that the record was unnecessary is irrelevant; he had a duty, pursuant to Indiana Tax Court Rule 3(E), to file the record within 30 days of August 22, 2006. Had the Indiana Board timely objected to the Shoots' failure to file the record, the Court would have had no choice but to dismiss the case outright. *See Packard v. Shoopman,* 852 N.E.2d 927, 930–32 (Ind.2006); *Wayne County Prop. Tax Assessment Bd. of Appeals v. United Ancient Order of Druids–Grove # 29,* 847 N.E.2d 924, 926 (Ind.2006). Fortunately for the Shoots, the Indiana Board did not object. Consequently, the Court will deem the administrative record filed as of May 25, 2007. Furthermore, Mr. Shoots' request for refund is denied.

3. As a result, and contrary to Mr. Shoots' belief, the record *is* relevant to the issue before the Court: it contains information that relates to the dates of filing that are in question.

704 N.E.2d 1113, 1119 (Ind. Tax Ct.1998) (explaining that statements that are unsupported by factual evidence are conclusory and therefore carry no probative value), *review denied.* As a result, the Shoots have not rebutted the prima facie evidence indicating they filed their appeals on May 6, 2004.[4]

**CONCLUSION**

For the foregoing reasons, the Indiana Board's final determination is AFFIRMED.[5]

4. In cases such as this one, the Court is strictly limited to reviewing the certified administrative record to determine whether there is substantial evidence to support the Indiana Board's final determination. *See* IND.CODE ANN. § 33–26–6–3(b) (West 2007); *Grider v. Dep't of Local Gov't Fin.*, 799 N.E.2d 1239, 1244 (Ind. Tax Ct.2003). Nevertheless, to the extent that the record did not contain the evidence the Shoots' believed was necessary to the Court's review, they could have moved to supplement the record. *See* A.I.C § 33–26–6–3. Consequently, the Shoots could have moved to supplement the administrative record with a sworn affidavit from the Madison County Assessor stating that May 3 was indeed the date the Shoots filed their appeals. Similarly, the Shoots could have also provided evidence (again, through an affidavit/affidavits) indicating that the "REC'D MAY 6—2004" date-stamp did not belong to the Madison County Auditor's office (while such an affidavit would not explicitly demonstrate that the Shoots filed their appeal petitions on May 3, it would refute the evidence indicating that they filed the petitions on May 6).

5. Mr. Shoot has asserted that he and his wife, as "victims of a broken system," were denied "justice or due process" when (among other things):

(1) the Madison County Assessor failed to provide them with a date-stamped receipt of filing (Mr. Shoot explains that he would've asked for a receipt, but he was under the belief that his government would protect his interests);
(2) the Indiana Board did not timely issue its order of dismissal (Mr. Shoot alleges that because the Indiana Board "lost" his appeals, he had to wait two years before they were ultimately dismissed; meanwhile, he lost his chance to file appeals for the 2003 tax year, despite the fact that he "was

nice and patient [and did not push the issue]");
(3) the PTABOA denied his appeals (Mr. Shoot alleges that the PTABOA simply failed to take the appeals seriously and just "passed the buck" to the Indiana Board);
(4) the system is inherently rife with conflicts of interest (as Mr. Shoot asks, why would you ever allow certain individuals to decide the fate of property tax appeals at the local level when their salaries and benefits are paid in part by property tax revenue).
(*See* Oral Argument Tr. at 9–19; Pet'r Br. at 5–6.)

While the Shoots' frustration with "the system" is obvious, it does not alter the legal outcome of the case. Indeed, the issue here is not whether the system denied the Shoots justice, but whether the Shoots adequately protected their interests throughout the administrative process. *See Williams Indus. v. State Bd. of Tax Comm'rs*, 648 N.E.2d 713, 718 (Ind. Tax Ct.1995) (stating that taxpayers bear certain responsibilities that are attached to their right to challenge their property tax assessments). At any rate, these claims do not present issues for this Court to determine. *See* U.S. CONST. amend. XIV, § 1; IND. CONST. art. 1, § 12 (a denial of due process means that the taxpayer has received neither notice nor an opportunity to be heard on its claim); *Whitley Prods., Inc. v. State Bd. of Tax Comm'rs*, 704 N.E.2d 1113, 1119 (Ind. Tax Ct.1998) (stating that the Court need not address allegations not supported by probative evidence), *review denied; In re Kesler*, 272 Ind. 161, 397 N.E.2d 574, 576 (Ind.1979) (stating that courts need not determine issues that are not supported by specific argument or citation to authority). Rather, the Shoots' complaints with "the system" and how it operates are better directed to the Indiana legislature.