**Larry G. JONES and Sharon F. Jones, Petitioners,**

v.

**JEFFERSON COUNTY ASSESSOR, Respondent.**

No. 39T10–1308–TA–68.

Tax Court of Indiana.

April 17, 2014.

Larry G. Jones, Sharon F. Jones, Hanover, IN, pro se.

Gregory F. Zoeller, Attorney General of Indiana, Thomas D. Cameron, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

## ORDER ON RESPONDENT'S MOTION TO DISMISS

### WENTWORTH, J.

This matter is currently before the Court to decide whether the failure of Larry and Sharon Jones to timely request and file the Indiana Board of Tax Review's administrative record warrants a dismissal of their original tax appeal. Given the particular facts of the case, the Court finds that their failure does not warrant a dismissal.

### FACTS AND PROCEDURAL HISTORY

On July 17, 2013, the Indiana Board issued a final determination regarding the Joneses' residential real property assessment for the 2008 and 2009 tax years. On August 28, 2013, the Joneses initiated an original tax appeal challenging that final determination.

The Assessor's attorney entered his appearance and filed an answer on October 2, 2013. Thereafter, the Court scheduled a telephonic case management conference for October 23, 2013. During that conference, the Court ordered, based on input from both parties, the following schedule for briefing the case on the merits: the Joneses were to file their initial brief by November 22; the Assessor was to file her response by December 23; and the Joneses' were to file their reply by January 6, 2014.

The next day, on October 24, 2013, the Joneses moved for a default judgment on the basis that the Assessor failed to file her answer within 30 days of the filing of their complaint. The Assessor filed a response opposing the motion on October 29, 2013. In an order dated November 20,

2013, the Court denied the Joneses' motion for default judgment, explaining that because the Assessor filed her answer before the Joneses filed their motion, the fact that the answer was late was of no consequence. In denying the motion, the Court also explained that its long-standing policy was that "cases should be decided on the[ir] merits and justice should not be defeated by [procedural] technicalities." (Order, Nov. 20, 2013 (citation omitted).) Consequently:

> [a]lthough our procedural rules are extremely important, it must be kept in mind that they are merely a means for achieving the ultimate end of orderly and speedy justice. [The Court] must examine [ ] technical rules closely when it appears that invoking them would defeat justice; otherwise we become slaves to the technicalities themselves and they acquire the position of being the ends instead of the means. This is e[s]pecially true in [this] case ... where ... no one [is prejudiced by] allowing the ... [case to proceed.] Indeed, the Court's function is to serve the truth and to decide legal issues, not clear [its] dockets by utilization of unnecessarily narrow technical interpretations of the procedural rules.

(Order, Nov. 20, 2013 (internal quotation marks and citations omitted).) The Court closed its order by reminding the parties that the previously established briefing schedule remained in effect.

The Joneses timely filed their initial brief. On December 19, 2013, the Assessor filed a motion to dismiss the case as well as her brief. The Assessor's brief did not address the merits of the case. Instead, the Assessor's brief provided the legal argument to support her motion to dismiss: the Joneses failed to timely file a request for the Indiana Board to prepare a certified copy of its administrative record as they were required to do under Indiana Tax Court Rule 3.

On March 6, 2014, the Court conducted a hearing on the Assessor's motion to dismiss. Additional facts will be supplied as necessary.

## ANALYSIS AND ORDER

When a party appeals from an Indiana Board final determination, the Court is strictly limited to reviewing the certified administrative record to determine whether there is substantial evidence to support the final determination. *See, e.g.,* IND. CODE §§ 33–26–6–3(b), –4 (2014); IND.CODE § 6–1.1–15–5, –6 (2014); *Grider v. Dep't of Local Gov't Fin.,* 799 N.E.2d 1239, 1244 (Ind. Tax Ct.2003) (stating that a final determination is supported by substantial evidence when, in reviewing the certified administrative record in its entirety, a reasonable person could find enough relevant evidence to support the determination). Indiana Tax Court Rule 3 provides the procedure by which the Court obtains that record:

(B) **Appeals from final determinations of the Indiana Board of Tax Review.** An original tax appeal from a final determination of the Indiana Board of Tax Review is commenced by filing a petition in the Tax Court and filing a written notice of appeal with the Indiana Board of Tax Review. If the petitioner does not include in the petition a request that the Indiana Board of Tax Review prepare a certified copy of the agency record, the petitioner shall file a separate request for such record under Section (E) of this rule.

\* \* ' \* \* \* \*

(E) **Filing of the record of judicial review.** In original tax appeals filed under Section (B) of this rule, the petitioner shall request the Indiana Board of Tax Review to prepare a certified copy

of the agency record within thirty (30) days after filing the petition. A request included as part of the petition filed under Section (B)[ ] of this rule satisfies this requirement. The petitioner shall transmit a certified copy of the record to the Tax Court within thirty (30) days after having received notification from the Indiana Board of Tax Review that the record has been prepared.

Ind. Tax Court Rule 3(B), (E). The purpose of this rule "is to ensure that property tax appeals proceed in an efficient, speedy manner and to ensure that the [ ] Court has access to the record before rendering its decision." *Wayne Cnty. Prop. Tax Assessment Bd. of Appeals v. United Ancient Order of Druids–Grove No. 29*, 847 N.E.2d 924, 928 (Ind.2006).

When the Joneses filed their complaint with the Court on August 28, 2013, they did not include a request that the Indiana Board prepare a certified copy of the administrative record. (Pet'r Pet.; Resp't Mot. Dismiss ¶ 2.) Consequently, under Indiana Tax Court Rule 3, they had until September 27, 2013, to file a separate request for the administrative record to be prepared. *See* Ind. Tax Court Rule 3(B), (E). The Assessor now argues in her motion to dismiss that because the Joneses failed to meet that September deadline, they "have not properly initiated their action before this Court" and, as a result, their complaint should be dismissed.[1] (*See* Resp't Mot. Dismiss; Resp't Br. at 5.)

Through a series of cases, the Indiana Supreme Court has held that a failure to timely file the administrative record pursuant to Indiana Tax Court Rule 3 is the type of legal error or procedural defect which, if not objected to at the appropriate time, is waived. *See, e.g., Packard v. Shoopman*, 852 N.E.2d 927 (Ind.2006);

*K.S. v. State*, 849 N.E.2d 538 (Ind.2006); *Druids*, 847 N.E.2d 924. This holding is equally applicable to the situation that occurs when, like here, a petitioner fails to timely request that a certified copy of the Indiana Board's administrative record be prepared under Indiana Tax Court Rule 3. Accordingly, if the opposing party does not object to the procedural defect at the appropriate time, the objection is waived.

In this case, it would have been revealed by the end of September that the Joneses had not filed a separate request for the administrative record in compliance with Indiana Tax Court Rule 3. Nonetheless, the Assessor waited until mid-December to raise an objection. Additionally, the Assessor and her attorney had already had numerous communications with the Court by that point, as they had filed her answer on October 2, participated in the telephonic case management conference on October 23, and had filed the October 29 response opposing the Joneses' motion for default judgment. Given these particular facts, the Court finds that the Assessor has waived her objection to the timeliness of the Joneses' administrative record request.

## CONCLUSION

For all the reasons stated above, the Court DENIES the Assessor's motion to dismiss. The Court hereby instructs the Joneses to file no later than April 28, 2014, a request for the Indiana Board to prepare a certified copy of its administrative record in the case. In accordance with Indiana Tax Court Rule 3(E), the Joneses shall then file the record with the Clerk of the Tax Court within thirty (30) days after they have received notification from the

---

1. In fact, the Assessor points out that as of the date she filed her motion to dismiss, the Joneses still had not requested that the Indiana Board prepare the record. (*See* Resp't Mot. Dismiss, Ex. 1.)

Indiana Board that the record has been prepared. Once the Court receives the Indiana Board's record, it will schedule another telephonic case management conference to discuss the need for additional briefing and oral argument.

SO ORDERED.