ATTORNEY FOR PETITIONER:
**SHAWN F. SULLIVAN**
ATTORNEY AT LAW
South Bend, IN

ATTORNEYS FOR RESPONDENT:
**GREGORY F. ZOELLER**
ATTORNEY GENERAL OF INDIANA
**ANDREW T. GREIN**
DEPUTY ATTORNEY GENERAL
Indianapolis, IN

**FILED**

Dec 30 2016, 2:09 pm

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# INDIANA TAX COURT

LAKE COUNTY TRUST CO., TRUST NO. 6, )
(FLOWERS FOR HEAVEN, INC.) )
                                    )
      Petitioner, )
                                      )
          v. )  Cause No. 02T10-1604-TA-00010
                                      )
ST. JOSEPH COUNTY ASSESSOR, )
                                      )
      Respondent. )

## ORDER ON RESPONDENT'S MOTION TO DISMISS

**FOR PUBLICATION**
**December 30, 2016**

WENTWORTH, J.

      This matter comes before the Court on the St. Joseph County Assessor's Motion to Dismiss (Motion) Lake County Trust Co., Trust No. 6 (Flowers for Heaven, Inc.) (the "Trust")'s original tax appeal for failure to timely file the certified administrative record. Upon review, the Court DENIES the Assessor's Motion.

### FACTS AND PROCEDURAL HISTORY

      On April 25, 2016, the Trust initiated an original tax appeal challenging a final determination of the Indiana Board of Tax Review. In its Petition, the Trust requested

that the Indiana Board prepare the certified administrative record and stated that it would file it with the Court within thirty days of being notified that it was complete as required by Tax Court Rule 3(E). (See Pet'r V. Pet. Original Tax Appeal of Final Determination Ind. Bd. Tax Review at ¶ 8.)

On May 6, 2016, the Indiana Board notified the Trust by letter that the certified administrative record was complete. (See Resp't. Mot. Dismiss ("Resp't Mot."), Ex. A at ¶ 8.) On June 23, 2016, the Court held a case management conference, at which time it established the parties' briefing schedule. On September 1, 2016, the Trust filed its brief on the merits, but it had not yet filed the certified administrative record. (See Pet'r V. Resp. Resp't Mot. Dismiss & Request for Leave to File Certified Record ("Pet'r Resp.") at ¶¶ 1-3, 9.) The Assessor filed its Motion on September 7, 2016. The Trust responded to the Motion on September 13, 2016, and filed the certified administrative record that same day. The Court held oral argument on the Motion on October 20, 2016.[1] Additional facts will be provided as necessary.

## LAW AND ANALYSIS

There is no dispute that the Trust failed to timely file the certified administrative record. (See Pet'r Resp. at 1-2.) The Assessor therefore claims that the Trust's appeal should be dismissed. (Resp't Mot. at ¶ 6.) The dispositive issue before the Court, however, is whether the Assessor's Motion raising its objection was itself timely.

The Assessor contends that its objection was timely under Indiana Trial Rule 12(B) because it filed its Motion within 20 days after the Trust filed its brief. (See Oral Arg. Tr. at 13-15.) Indiana Trial Rule 12(B) provides that defenses shall be made by

---

[1] The Court wishes to thank the staff and students at South Side High School in Fort Wayne, Indiana, for hosting the oral argument in this case.

2

motion either "before pleading if a further pleading is permitted or within twenty [20] days after service of the prior pleading if none is required." Ind. Trial Rule 12(B). The word "pleadings" is expressly defined as complaints, answers, and similar filings. Ind. Trial Rule 7(A). Here, the Assessor's objection was made six days after the Trust filed its brief on the merits, but because a brief is not a pleading, Indiana Trial Rule 12(B) does not shelter the Assessor's objection from waiver. See T.R. 12(B).

The Indiana Supreme Court has stated that a party may move to dismiss a case pursuant to Trial Rule 12(B)(1) when a procedural prerequisite is not timely performed, even though the Court's subject matter jurisdiction is not implicated. See Packard v. Shoopman, 852 N.E.2d 927, 931-32 (Ind. 2006). In addition, the Supreme Court has provided that any objection of this type can be waived if not raised at the "appropriate time." Id. at 932. Although the Supreme Court did not provide a bright line rule for determining the "appropriate time," it did explain that an objection must be made at the "earliest opportunity." Id.

Whether a filing is timely does not implicate the merits of a controversy. See, e.g., id. at 931-32. Thus, it follows that the "earliest opportunity" to object must precede the furtherance of the merits. See id. at 928, 930-32 (providing that an objection to an untimely-filed petition is waived when first raised in a response brief on the merits); Jones v. Jefferson Cnty. Assessor, 6 N.E.3d 1048, 1049-50 (Ind. Tax Ct. 2014) (finding that an objection to the failure to request the certified administrative record is waived when first raised in a response brief on the merits); Bedford Apartments v. Jean, 843 N.E.2d 78, 79-81 (Ind. Tax Ct. 2006) (denying a motion to dismiss filed after briefing and oral argument that objected to an untimely filed certified administrative record).

3

Accordingly, the Court finds that an objection to the untimely filing of the certified administrative record in an appeal from a final determination of the Indiana Board must itself be filed before the merits of a case have been furthered. Here, the Assessor filed its Motion after the Trust filed its brief; at that point, however, the merits of the case had already been furthered. Consequently, the Assessor waived its objection to the Trust's untimely filing of the certified administrative record.

**CONCLUSION**

For the foregoing reasons, the Court DENIES the Assessor's Motion. The Court will order a revised briefing schedule by separate cover.

SO ORDERED this 30th day of December, 2016.

Martha Blood Wentworth
Judge, Indiana Tax Court


Distribution: Shawn F. Sullivan, Andrew T. Grein

4