

FILED

Aug 01 2018, 9:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Thomas Lowe
Vissing Law LLC
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Supervising Deputy Attorney
General
Indianapolis, Indiana

# I N  T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Scott A. Hall,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | August 1, 2018<br><br>Court of Appeals Case No.<br>17A-CR-3022<br><br>Appeal from the Clark Circuit<br>Court<br><br>The Honorable Vicki L.<br>Carmichael, Judge<br><br>Trial Court Cause No.<br>10C04-1107-FA-43 |

**Najam, Judge.**

## Statement of the Case

[1]     Scott A. Hall appeals the trial court's revocation of his placement in community corrections.  He raises two issues for our review, which we revise and restate as follows:

1. Whether the trial court lacked jurisdiction to hold a hearing on the petition to revoke his placement in community corrections because the petition had been filed by a deputy prosecutor instead of the director of the community corrections program.

2. Whether the trial court committed fundamental error when it revoked his placement in community corrections.

We affirm.

## Facts and Procedural History

On July 7, 2011, the State charged Hall with burglary, as a Class A felony, in Cause Number 10D01-1107-FA-43 ("FA-43"). Following a trial, a jury found him guilty as charged, and the trial court entered its judgment of conviction. Thereafter, "pursuant to an agreement reached by the parties," the trial court sentenced Hall to twenty years, all to be served in a home incarceration program through community corrections. Appellant's App. Vol. III at 59.

On July 14, 2016, the State charged Hall with attempted robbery, as a Level 3 felony, and battery, as a Class A misdemeanor, in Cause Number 72C01-1607-F3-11 ("F3-11") for crimes that Hall had committed on July 8. Accordingly, on October 24, the State, by the deputy prosecuting attorney and at the request of Hall's probation officer, filed a petition to revoke Hall's placement in the home detention program in FA-43. Specifically, the State alleged that Hall had violated the terms of his placement when he had committed the crimes of robbery and battery on July 8.

On September 19, 2017, Hall pleaded guilty to robbery, as a Level 5 felony, in F3-11. Thereafter, the trial court held a hearing on the State's petition to revoke Hall's placement in community corrections in FA-43. During that hearing, Hall admitted to the alleged violation. The trial court accepted Hall's admission and found that he had violated the terms of his home incarceration program. The court then heard evidence concerning Hall's sentence. Hall offered, and the trial court admitted, a letter from the community corrections program in which it recommended that Hall remain in community corrections. At the conclusion of the hearing, the trial court revoked Hall's placement in the community corrections program and ordered him to serve the balance of his previously suspended sentence in the Department of Correction. This appeal ensued.

## Discussion and Decision

### Issue One: Jurisdiction to Hear the Petition

Hall first contends that the trial court abused its discretion when it held the hearing on the State's petition to revoke his placement in community corrections. Specifically, Hall asserts that the petition was not properly before the trial court because the deputy prosecuting attorney, at the request of the probation officer, had filed the petition when the petition could only be filed by the director of the community corrections program. To support his assertion, Hall relies on Indiana Code Section 35-38-2.6-5 (2018), which provides that, if a person who is placed in a community corrections program violates the terms of

the placement, "the community corrections director may . . . [r]equest that the court revoke the placement[.]"[1]

[7]     But, here, the community corrections director did not file the petition. Instead, the deputy prosecuting attorney, at the request of Hall's probation officer, filed the petition to revoke Hall's placement in community corrections. Hall therefore asserts that the trial court "lacked any jurisdiction" to hold a hearing on the State's petition to revoke his placement in community corrections.

[8]     But we need not decide whether there might have been any error in the filing of the petition by the prosecuting attorney instead of the director of community corrections because we hold that any potential error was a procedural, not jurisdictional, error and that Hall did not preserve the issue for our review. In reaching this conclusion, we rely on our Supreme Court's decisions in *K.S. v. State*, 849 N.E.2d 538 (Ind. 2006), and *Packard v. Shoopman*, 852 N.E.2d 297 (Ind. 2006), which we find to be instructive.

---

[1] Hall also relies on *Morgan v. State*, 87 N.E.3d 506, 509 (Ind. Ct. App. 2017), *trans. denied*, to support his assertion that only the community corrections director can file the petition to revoke his placement. But, in *Morgan*, this court analyzed whether a statutory change made by the Indiana General Assembly in 2015 to Indiana Code Section 35-38-2.6-5 was unconstitutional. Prior to 2015, the statute provided that "the court may" change the terms of the placement, continue the placement, or revoke the person's placement if the person violates the terms of the community corrections program. Ind. Code § 35-38-2.6-5 (2014). However, the statute now provides that "the community corrections director may" change the terms of placement, continue the placement, reassign the person to a different program, or request that the court revoke a person's placement if the person violates the terms of the community corrections program. I.C. § 35-38-2.6-5 (2018). This court held that the revised statute was not an unconstitutional violation of separation of powers because "it remains the trial court's duty to determine whether revocation will be ordered." *Morgan*, 87 N.E.3d at 510. Thus, *Morgan* is not controlling, and Hall's reliance on *Morgan* is misplaced.

[9] In *K.S.*, a juvenile sought to set aside his delinquency adjudication because the trial court had not approved the filing of the delinquency petition. *K.S.*, 849 N.E.2d at 541. As such, the juvenile claimed that the court lacked jurisdiction to hear the case. *Id.* On appeal, our Supreme Court noted that "[a]ttorneys and judges alike frequently characterize a claim of procedural error as one of jurisdictional dimension. The fact that a court may have erred along the course of adjudicating a dispute does not mean it lacked jurisdiction." *Id.* The court further explained that "*[r]eal* jurisdictional problems would be, say, a juvenile delinquency adjudication entered in a small claims court, or a judgment rendered without any service of process." *Id.* at 542 (emphasis in original). The court noted that "'[t]he question of subject matter jurisdiction entails a determination of whether a court has jurisdiction over the general class of actions to which a particular case belongs'" and that the juvenile court had exclusive jurisdiction over cases involving juvenile delinquency. *Id.* (quoting *Troxel v. Troxel*, 737 N.E.2d 745, 749 (Ind. 2000)). Thus, our Supreme Court held that the juvenile's claim was one of procedural error and that the trial court had jurisdiction over the case. *Id.*

[10] And in *Packard*, a taxpayer appealed the assessment of his real property. 852 N.E.2d at 928. The Indiana Board of Tax Review denied the taxpayer's appeal, and the taxpayer petitioned the Tax Court to review the board's decision. *Id.* The Assessor moved to dismiss the taxpayer's appeal on the ground that the taxpayer had failed to file the petition for judicial review within the statutorily mandated timeframe and, thus, that the Tax Court lacked subject matter

jurisdiction to hear the appeal. *Id.* at 929. Our Supreme Court concluded that the "timely filing of a complaint in the Tax Court is 'jurisdictional' only in the sense that it is a statutory prerequisite to the docketing of an appeal in the Tax Court[.]" *Id.* at 931. That court further held that "[t]imely filing relates neither to the merits of the controversy nor the competence of the court to resolve it." *Id.* at 932. And "[b]ecause the timeliness of filing does not affect the subject matter jurisdiction of the Tax Court, any objection to the timeliness of filing is a procedural rather than jurisdictional error that can be waived if not raised at the appropriate time." *Id.* at 931-32.

[11]     Here, the filing of a petition to revoke a person's placement in a community corrections program by the appropriate person is similarly "jurisdictional" only in the sense that it is a statutory prerequisite to the filing of the petition. *See id.* at 931. The position of the person who filed the petition relates neither to the merits of the controversy or the competence of the court to resolve it. *See id.* at 932. Further, there is no question that the trial court had jurisdiction over the general class of actions to which the petition belongs. *See K.S.*, 849 N.E.2d at 542. Indeed, "[a]ll circuit courts have . . . original and concurrent jurisdiction in all civil cases and in all criminal cases[.]" I.C. § 33-28-1-2.

[12]     Accordingly, we hold that any error in the filing of the petition to revoke Hall's placement in community corrections by the prosecuting attorney instead of the director of community corrections would have been a procedural error and not a jurisdictional error. To preserve appellate review of a procedural error, Hall was required to properly object to the error in the trial court, which he did not

do. Thus, he has not preserved for our review the merits of his claim on this issue.[2]

### Issue Two: Revocation of Placement

[13] Hall next contends that the trial court committed fundamental error when it revoked his placement because he "was never properly advised of the allegations against him because of numerous factual errors and incorrect law [sic] that were contained in the petition[.]" Appellant's Br. at 6. Specifically, Hall asserts that the petition contained the following factual and legal inaccuracies: 1) the petition included numerous references to violations of the probation home detention program even though Hall was in the community corrections program; 2) the petition cited to an outdated version of the community corrections statute; 3) the petition referenced a plea agreement, but Hall was convicted following a jury trial; 4) the petition cited a statute governing probation proceedings; and 5) the petition was signed by the chief probation officer instead of the director of the community corrections program.

[14] Hall acknowledges that he "did not object to any of the due process issues, either statutory or constitutional, in the proceedings below and therefore they

---

[2] Because Hall did not preserve the issue for our review, he could only prevail on appeal if he could establish that the trial court committed fundamental error. Fundamental error requires the appellant to demonstrate that the alleged error constituted a blatant violation of elementary principals of due process. *See Taylor v. State*, 86 N.E.3d 157, 162 (Ind. 2017). However, Hall did not make a claim of fundamental error on this issue in his principal brief. Instead, he asserted it for the first time in his reply brief. "[P]arties may not raise an issue, such as fundamental error, for the first time in a reply brief." *Curtis v. State*, 948 N.E.2d 1143, 1149 (Ind. 2011). As such, he has waived any purported issue of fundamental error he may have had. *See id*.

have not been properly preserved for appeal." *Id*. at 5. Thus, to prevail on appeal, Hall must establish that the trial court committed fundamental error.

[15] To prove fundamental error, Hall must "'show that the trial court should have raised the issue *sua sponte* due to a blatant violation of basic and elementary principles, undeniable harm or potential for harm, and prejudice that makes a fair trial impossible.'" *Taylor v. State*, 86 N.E.3d 157, 162 (Ind. 2017) (quoting *Harris v. State*, 76 N.E.3d 137, 140 (Ind. 2017)). "A 'finding of fundamental error essentially means that the trial judge erred . . . by not acting when he or she should have,' even without being spurred to action by a timely objection." *Brewington v. State*, 7 N.E.3d 946, 974 (Ind. 2014) (quoting *Whiting v. State*, 969 N.E.2d 24, 34 (Ind. 2012)) (omission original to *Brewington*).

[16] Hall contends that he was denied due process because he did not receive written notice of the claimed violations against him. It is well settled that, "[w]hen the State seeks to revoke a defendant's placement in a Community Corrections Program, the defendant is 'not entitled to the full due process rights afforded a defendant in a criminal proceeding.'" *Pope v. State*, 853 N.E.2d 970, 972 (Ind. Ct. App. 2006) (quoting *Parker v. State*, 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997)). Nonetheless, "a defendant in a community corrections program is entitled to representation by counsel, *written notice of the claimed violations*, disclosure of the opposing evidence, an opportunity to be heard and present evidence, and the right to confront and cross-examine witnesses in a neutral hearing before the trial court." *Cox v. State*, 706 N.E.2d 547, 550 (Ind. 1999) (emphasis added).

[17] Hall specifically contends that he did not receive written notice of the claimed violation because "the right to written notice of the violations includes the right to have an accurate representation of the allegation and the law pertaining thereto." Appellant's Br. at 10. In essence, Hall asserts that he was denied due process because the petition to revoke his placement contained factual and legal inaccuracies. We cannot agree.

[18] While the petition to revoke his placement in community corrections did contain some inaccuracies, none of those inaccuracies related to the violations of the community corrections program that the State claimed Hall had committed. Indeed, the petition clearly outlined the claimed violations. Specifically, the State alleged that Hall had failed to follow the rules of his program when he committed a subsequent crime. Accordingly, Hall was given notice of the claimed violations so that he was able to prepare his defense. *See Thompson v. State*, 761 N.E.2d 467, 470 (Ind. Ct. App. 2002) ("it is well-established that due process requires that a defendant be given notice of the crime or crimes with which he is charged so that he can prepare his defense"). Further, Hall had an opportunity to defend himself during the hearing on the petition to revoke his placement. But instead of asserting a defense, Hall affirmatively admitted the allegation contained within the petition.[3]

_____

[3] Hall briefly asserts that his rights were violated because he was never advised as to how his actions violated the rules of the community corrections program and because the rules of the program were never presented as evidence during the hearing. But, during the hearing, Hall affirmatively acknowledged that the program had particular rules and regulations, including a rule against committing another criminal offense, and that he had violated that rule when he committed the subsequent robbery offense. Tr. Vol. II at 5-6. Further, "the

[19]     Hall received written notice of the claimed violation.  As such, the trial court did not deprive Hall of his due process rights when it revoked his placement in community corrections.  Consequently, Hall has not demonstrated that the trial court committed fundamental error.

[20]     In conclusion, we hold that any error in the filing of the petition to revoke Hall's placement by the deputy prosecutor instead of the director of community corrections was a procedural, not a jurisdictional, error.  And Hall did not preserve our review of the merits of that issue on appeal because he failed to raise it in the trial court.  We also hold that the trial court did not commit fundamental error when it held a hearing on the State's petition to revoke his placement despite the fact that the petition contained inaccuracies because Hall received written notice of the specific claimed violation against him, which enabled him to prepare a defense.  As such, we affirm the trial court's order.

[21]     Affirmed.

Crone, J., and Pyle, J., concur.

---

commission of a crime while serving time in the community corrections program is always grounds for revocation, even if the sentencing court fails to notify the person of such condition." *Decker v. State*, 704 N.E.2d 1101, 1103 (Ind. Ct. App. 1999).